No. 8183.

T. J. HICKMAN ET AL. VS. MARY P. DAWSON AND HUSBAND ET AL.

A defendant, who does not insist upon the trial of an exception before the case is tried on the merits, is presumed to have waived the exception.

The well established rule of law, that the validity of a tax-sale cannot be attacked collaterally, but only in a direct suit, does not apply to a petitory action, in which the defendant alleges the tax sale as his title. There, the plaintiff has the right to show the illegality of the title opposed to him, though it be a tax-sale *prima facie* valid.

In such a case, all matters of defense set up in the answer must be considered as open to every objection of law and fact, as if such objections had been specially pleaded.

APPEAL from the Eleventh Judicial District Court, parish of Natchitoches.  *Pierson,* J.

*Chaplin, Dranguet* and *Chaplin* for Plaintiffs and Appellants:

It is competent for parties to waive rights and forms when not prohibited by law; the appellees have waived their objections to form in this case, by not excepting, at the proper time, to the mode of proceeding. 18 An. 65, 468; 4 L. 482; 14 L. 248; 12 R. 194; 14 An. 520.

An exception relating to the form of action cannot be plead after answering to the merits. Such exceptions are dilatory, and are waived by pleading to the merits. They are also waived if parties without requiring a decision thereon proceed to trial on the merits. 10 An. 20 and 140.

If it appear that both parties have consented to try the issue of the validity of a sale in a collateral proceeding, this Court will pass upon the issue in that form of action. See 31 An. 839.

The plea that plaintiffs must tender the price as a condition precedent to the action, must be pleaded *in limine* and the amount to be reimbursed set forth. 30 An. 310.

In a petitory action, the plaintiff has a legal right to attack whatever title may be set up by defendant, in his answer, and is not obliged to file any additional pleadings to enable him to do so. 11 An. 467, 546; 13 An. 412; 8 N. S. 141; 3 L. 392.

*Wm. H. Jack* and *D. C. Scarborough* for Defendants and Appellees:

Plaintiffs in a petitory action, claiming property as owners by inheritance, are not entitled to recover it for themselves on the bare proof that they are the heirs of the decedent who some ten years before her death was shown to be owner. It is incumbent upon them to show that they are the *sole heirs*, that the property belonged to the decedent *at the time of* her death, and accordingly passed into her succession; and furthermore, that they have accepted the estate in some of the modes prescribed by law or have otherwise been legally vested with title.

Plaintiffs in petitory actions must stand or fall according to the strength or weakness of *their own titles;* defects in defendant's title will not strengthen or validate theirs; they are required to show from their own vantage ground all facts and particulars necessary to sustain their pretensions.

When it is clearly in the power of a party to produce proof of a pertinent fact in his own favor, and he fails to do so, the presumption arises that it would have been unfavorable to his pretensions.

Tax sales under the Constitution of 1868, have the same legal status according to judicial sales; in this, that they are prima facie valid; hence, being prima facie valid, they stand good until attacked and overthrown by direct action. Their validity cannot be drawn in question in a collateral manner.

It is a solecism to say that a title prima facie valid could be an absolute nullity *on its face,* because if a sale at all in fact and form, it is prima facie valid.

A tax sale being prima facie valid, cannot be attacked and avoided under cover of a petitory action; it is necessary, in the very nature of things, that such a title must be assailed directly, and its nullities or vices be pleaded and proven.

The object of a petitory action is not to establish ownership, but to recover possession, for ownership must exist to warrant the action; hence, the defendant holding possession under prima facie and recorded title, will not be destituted of his title and tenure, unless and until his title is attacked and annulled under proper proceeding.

---

The opinion of the Court was delivered by

POCHÉ, J. Plaintiffs, in a petitory action, seek to be recognized as owners, and to recover possession of a valuable plantation, situated in the parish of Natchitoches, and alleged to be in the illegal possession of defendants. They allege title as the only heirs of their deceased mother,

Mary E. Blanchard, who had acquired the property by purchase from the succession of her father, François Gaiennié.

The defendants first filed an answer and general denial, and then set up title to the property under a tax sale in 1872, followed by an averment that under a petitory action, containing no allegation of the nullity of such tax sale, plaintiffs could not assail their title; pleaded the prescription of three and five years, and concluded with a reconventional demand in case of eviction, for the purchase price, for taxes since paid by them on the property and for the value of the improvements placed thereon by them since their purchase.

They subsequently filed the following exception in bar of plaintiffs' action:

1st.   That they are the owners and possessors of the property under a tax deed translative of property duly of record, and that such titles, like those in judicial sales, cannot be annulled collaterally, but must be attacked by direct action.

2d.   That it is a condition precedent to the institution of an action to annul a tax sale, that the plaintiff should make restitution or tender of reimbursement to the purchaser of the amount paid by him in disencumbering the property of its real charges.

Plaintiffs have appealed from the judgment of the lower court, which rejected their demand and dismissed their petition, reserving their right to sue by direct action for the nullity of defendant's tax-sale, and reserving to the latter all the claims set up by them in reconvention. It does not appear from the record that defendants' exceptions were passed upon or disposed of. In his written opinion, the district judge informs us that defendants having gone to trial on the merits, without insisting upon their exceptions, he considered them as having waived their said exceptions. This construction is strongly urged by plaintiffs' counsel, but it is earnestly resisted by defendants' attorneys, who suggest a misapprehension of the precise status of the case on the part of the judge, for they were under the impression that the trial which took place was on their exceptions, and not on the merits.

As we must be guided by the record, we are bound to conclude that the exceptions were not tried, and as the principal plea urged on exception was incorporated in the answer, we do no injustice to defendants in following the course of the District Judge, in considering that their exceptions, which were presented after an answer to the merits, have been waived, and in confining our investigation to the matters of defense urged in their answer.

After the introduction by plaintiffs of their evidence in support of their alleged title to the property, defendants then offered, as the muniment of their title, the tax deed of 1872, as alleged in their answer.

Whereupon plaintiffs, in rebuttal, offered to prove the nullity of said tax sale, for reasons of defects in the assessment and description of the property, in the notices required to be served on the delinquent tax-payer and in the advertisement of the property for sale.

Defendants objected to the introduction of such evidence—

"Because plaintiffs had not alleged such irregularities, or nullities sought to be established in the tax-deed, and because it is not competent to consider collaterally any such nullities not patent on the face of the tax-deed."

The objection was sustained by the District Judge, and plaintiffs' bill of exceptions to his ruling on this point, presents a question of vital importance, which requires our serious attention. We agree with the District Judge that the defects or elements of nullity charged against the tax-deed, are not patent upon its face; and, if existing at all, must be proved by evidence on trial of the instrument itself; and that unsupported by such evidence the charge of nullity cannot be maintained. But the judge excluded such testimony on the ground that a tax-deed being a *prima facie* valid sale, cannot be attacked collaterally, but that elements of nullity must be the subject of a direct action in nullity.

We have carefully examined the numerous authorities which he quotes in support of his conclusion, and have read with interest his able review of the jurisprudence on the validity of tax-sales, when attacked collaterally.

But the authorities which he cites are predicated upon cases where the validity of the tax-deed was attacked by a third person, seizing the property of his debtor, without regard to the expropriation of the debtor's property under a tax-sale. In such cases, when the purchaser under such a sale, appeared in the proceedings and exhibited his tax-deed, it was properly held, and it is now the settled rule, that such sale could not be attacked collaterally for any latent defect, or unless the deed itself discloses on its face the absolute nullity of the sale. 25 An. 237; Lannes vs. Bank, 29 An. 112; Jury & Gillis vs. Allison, 30 An. 1235; Renshaw & Cammack vs. Imboden, 31 An. 661.

A different rule applies in a petitory action where plaintiff alleges title in himself, and in which defendant to resist him successfully must show a better title in himself.

In such a case, all matters of defense set up in the answer must be considered as open to every objection of law and fact, as if such objections had been specially pleaded.

The title which defendant sets up in such an action is presumed to be traversed or resisted in all its vital elements, and is thus open to every attack which might be levelled at it in a direct action in nullity. While plaintiff must recover upon the strength of his own title and not upon

the weakness of his adversary's, the law allows him to meet the title opposed to him, with the same means of defense which his adversary may urge against his own title.

In the case of McMaster vs. Steward, 11 An. 546, it was held: "The act of sale being set up by the defendant in his answer, is open to every means of defense in the hands of the plaintiff, *without pleading the same otherwise than orally on the trial.* Maillot vs. Wesley, 11 An. 467; Spencer vs. Grimball, 6 N. S. 301. In applying this rule to the present case we do not lose sight of the provision in the Constitution of 1868, requiring courts of justice to receive tax deeds as *prima facie* evidence of a valid sale.

We have given full effect to this rule, in maintaining the tax sale set up in the answer, as *prima facie* valid, but we must allow to plaintiff in his petitory action all the weapons of attack which are afforded to him by law.

In our opinion the District Judge erred in excluding the testimony offered by plaintiffs, for the purpose of showing the nullity of their adversary's tax title; and we shall remand the case on that ground.

The plea of prescription urged by defendants is not tenable. The defects in the tax sale relied on by plaintiffs are not matters of form, but radical defects. Woolfolk vs. Fonbene, 15 An. 15; Lague vs. Boagni, 32 An. 912.

In their brief defendant's counsel argue that plaintiffs have failed to show legal title in themselves, in failing to show that their mother had the ownership and possession of the property at the time of her death, which occurred in May, 1871. The answer to this is, that this omission is supplied by defendants' own evidence, which shows that in 1872 the identical property was seized and sold for taxes as property belonging to her succession. An admission in the record that plaintiffs were the sole heirs of Mrs. M. E. Blanchard refutes another objection urged in the same manner by defendants to the omission of such proof by plaintiffs.

The action instituted in this case by plaintiffs, is in itself an acceptance by them of their mother's succession, and answers defendant's argument that they had not shown such acceptance.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is ordered that this case be remanded to the lower court, to be tried according to law and to the views herein expressed; that the costs of this appeal be paid by defendants, and that the costs incurred in the lower court abide the final decision of the cause.

Mr. Justice LEVY recuses himself for the reason of his having been of counsel.