LAND, J.
The point of law to be decided is thus stated in the brief of counsel for the plaintiff and appellant, to wit:
“The receiver of a corporation, standing as the representative of all creditors, sues a subscriber to stock in the insolvent corporation, alleging nonpayment thereof. The subscriber admits the subscription, but avers payment in property, and proves payment in property. The receiver desires to prove that the value of the property given, and received in payment, was not equal to the par value of the stock. The court holds that the receiver cannot prove this fact. There is but one question at issue: Where, under the above circumstances, payment is pleaded, and the payment is shown to have been made in property, can the plaintiff establish the value of the property so given and received in payment?”
Plaintiff alleged that defendant subscribed to 25 shares of the capital stock of the corporation, and has paid nothing on said subscription.
Defendant, for answer, admitted the contract of subscription, but denied that he owed anything by reason thereof, because the company was formed for the purpose of acquiring the business and property of two other corporations, B. and C., and did acquire same and assume the liabilities thereof, because defendant owned 16 shares of stock of B. and 5 shares of 0., of the total par value of $2,100, and that the new corporation took said stock at $112.50 per share, making a total of $2,3(5(2.50, and defendant paid the balance of $137.50 in cash, thereby discharging his obligation as subscriber.
[1] On the trial of the cause, the plaintiff proved the facts of subscription, appointment of receiver, insolvency of corporation, etc. The defendant proved that his subscription had been settled by transfer of shares of stock, as set forth in his answer. Plaintiff, in rebuttal, offered to prove that said shares were worthless when received in payment by the corporation now represented by the receiver, and that each of the other corporations, which had issued said shares, were, at that time, insolvent; their liabilities being far in excess of their assets.
The evidence so offered by the plaintiff was ruled out, on the ground that the petition did not allege fraud, or charge specifically that the shares of stock received in payment were at the time without any money value; and therefore the defendant was not placed on his guard.
Plaintiff charged that the defendant had subscribed to 25 shares of stock of the par value of $100 per share, and had not paid for the same. Defendant well knew that he was called upon to disclose what consideration, if any, he had paid for said shares of stock, and answered that he had paid $137.-50 in cash, and the balance of $2,362.50 in shares of stock of other corporations, which were taken at $112.50 per share. Defendant was bound to know that the receiver repre *453 senting the creditors of the corporation, which had taken the shares as cash in payment of his subscription, could challenge the transaction only on the ground that the actual value of the shares given in payment was less than the par value of the stock issued therefor. The only possible issue being as to the value of the shares given in payment, defendant could well anticipate that the plaintiff would endeavor to prove that the shares received in payment were worth less than the par value of the stock sold. The burden was on defendant to prove that he had paid for the 25 shares for which he had subscribed; and, replication not being admitted in our practice, the plaintiff had the right to prove on the trial any facts which might have been pleaded to defeat the defense set up in the answer. Holliday v. Marionneaux, 9 Rob. 504. All allegations in the answer are open to every objection of law and fact, as if specially pleaded; if the defendant be surprised, the proper remedy is a continuance or new trial. Hennen’s Digest, vol. 2, pp. 1155, 271. That the shares received in payment at $112.50 per share had no money value at the time was a potent objection of fact to the transaction set up in the answer.
[2] In Dilzell v. Lehmann, 120 La. 273, 45 South. 138, this court held that, under article 266 of the Constitution of 1898, the value of property or labor received in payment of stock must be equal to the face value of the stock; and that subscribers to stock were liable to the creditors of the insolvent corporation for the difference between the value of the property given in payment and the par value of the shares of stock. This decision covers the case, and the discussion of other authorities is unnecessary. It makes no difference in principle whether the thing given and received in payment of a stock subscription be shares, real estate, personal property, or rights and credits. The difficulty of the valuation is a mere incident.
It is therefore ordered that the judgment below be reversed; and it is now ordered that this cause be remanded to the court below for further proceedings according to law and the views expressed in the foregoing opinion, and that defendant pay the costs of appeal.