BRUNOT, J.
 

 The facts of this case are that in 1911 John T. Webb deeded the prop-' erty in controversy to J. D. Woodward and reserved a vendor’s lien and mortgage upon the property for thé unpaid portion of the purchase price. Woodward sold the property to J. E. Graham. Graham mortgaged the property to Poster & Glassell Company. The notes identified with this act of mortgage were not paid at maturity, the mortgage was foreclosed, and the property was bought in by Poster & Glassell. In the foreclosure proceedings and sale thereunder, the property was described as the N. E. quarter of the S.E. quarter of section 27, Tp. 9 S., R. 13 W., Sabine parish, instead of the N. E. quarter of the S. W. quarter of said section, township, and range, but as a matter of identification it is described in the deed as being “the J. D. Woodward place.” Poster & Glassell Company, under a proper descriptibn of the property, sold it to James A. Jackson on January 30, 1917. On June 30, of the same year W. E. Tatum, who held the original vendor’s lien notes and mortgage signed by J. E. Woodward, brought foreclosure proceedings on these notes and mortgage and bought in the-property at the sheriff’s sale thereof had in these proceedings. After acquiring the property at said sale, Tatum deeded it to W. P. Ryals, the plaintiff in this suit. While James A. Jackson was the record owner of the property in 1917 under the deed from Poster & Glassell Company to him, in which it was correctly described, it was assessed in his name, and, the taxes for that year not having been paid by any one, the property was sold at tax sale in 1913, under the assessment to Jackson, for the nonpayment of the taxes thereon for the previous year, and J. E. Todd became the purchaser of the property at that sale. There was no redemption of this tax sale. After the period of redemption had elapsed J. E. Todd died, and his surviving widow and minor heirs are the defendants in this suit, the purpose of which is to annul, set aside, and erase from the conveyance records the said tax deed to J. E. Todd and all deeds by said Todd to other persons of any portion of said property.
 

 The judgment of the district court was in
 
 *955
 
 favor of the plaintiffs and against the defendants. It annulled the tax deed to J. B. Todd and all deeds of said land by Todd to other persons and ordered said deeds erased from the conveyance records of Sabine parish. The ease was appealed. The Court of Appeal affirmed the judgment of the district court, a writ of review was applied for and granted, the record has been sent up, and the case is now before us in response to that writ.
 

 The errors assigned are as follows:
 

 “First. The Court of Appeal erred in deciding this case on a point which was not suggested by the pleadings or raised in argument in the lower court, and,for the first time raised by the brief of counsel in the appellate court, which brief was never submitted by opposing counsel to the defendants appellants or their attorneys in this 'case as required by the rules of the Court of Appeal.
 

 “Second. That the Court of Appeal erred in deciding this case on an issue not raised by the pleadings.
 

 “Third. That the Court of Appeal erred in holding that the tax sale was null or that the assessment was illegal.”
 

 With reference to the first and second alleged errors, it may be said that, as defendants, in their answer, allege the validity of their tax title and prayed to be decreed the owners of the land in controversy by virtue of that title, replication to this affirmative averment was not necessary, as defendants had thus opened the door to every objection of law or fact that the plaintiffs might have urged against the validity of their title without further pleading. C. P. art. 329; McMaster v. Stewart, 13 La. Ann. 546; Hickman v. Dawson, 33 La. Ann. 442; Telle v. Fish, 34 La. Ann. 3244; Webre v. Christ, 130 La. 450, 58 So. 145; Abshire v. Lege, 133 La. 254, 62 So. 667. We do not consider the cases of Sintes v. Commerford, 112 La. 706, 36 So. 656, and Prince v. Standard Oil Co., 147 La. 285, 84 So. 657, which are cited by relator, as applicable to the facts of this case, for the reason that the answer of these defendants put the question of the validity of their title at issue.
 

 The third error assigned is serious. The Court of Appeal held that the tax sale of the property was null because the assessment of the property was illegal. When the property was assessed in 1917, James A. Jackson was then the record owner of it and it was assessed as his property. Plaintiff’s petition does not allege that the property was illegally assessed. It merely alleges that Jackson was never the legal owner of it and when the property was sold in 1918 for the taxes of 1917, plaintiff was the record owner and in possession of it, and that the property was sold without notice to him. Inasmuch as no law requires the assessor, in making up his assessment rolls, to assess property to the persons who happen to be the record owners thereof on January 1 of the year in which the assessment is made, and for the reasons hereinafter given, we find that the assessment of the property involved in this suit was valid and legal.
 

 Jackson acquired the property in January 1917, and his deed was recorded in March, 1917. The assessment of the property for 1917 was evidently made after Jackson’s deed was recorded and before the plaintiffs acquired any title to the property. If it be conceded that when the assessment was made there were conflicting titles of record, defendants may well rely upon the case of Lisso & Bro. v. Police Jury, 127 La. 283, 53 So. 566, 31 L. R. A. (N. S.) 1141, and the authorities cited on page 289 (53 So. 567) of the opinion, which holds that the assessor has no capacity to determine, as between apparently conflicting titles, which is best, and that an assessment in the name of him who appears upon the record to be the ow;ner is good.
 

 Plaintiff acquired the property involved in this suit in 1917, but his deed was executed and recorded after the assessor had listed the property for the purpose of the assess
 
 *957
 
 ment for that year in the name of the record owner at the time the assessment was made. In this connection we cite Avery v. Mayo, 161 La. 699, 109 So. 393, and we quote the following from the opinion in the Lisso Case:
 

 “The law makes specific provision with respect to the time and manner in which assessments may be corrected, whether by cancellation, reduction, or increase, and this court has on more that one occasion found itself unable to afford relief to complaining taxpayers because of their failure to comply with those provisions.”
 

 In the case of Ashley Co. v. Bradford, 109 La. 641, 33 So. 634, the court said (quoting from the syllabus):
 

 “An assessment of property predicated upon a tax title of record, prima facie valid, is not without legal effect, even though the title itself be void for latent defects. The law prescribes it to be the duty of tax assessor to examine the records in listing property and to assess same in the name of the holders of the legal or record titles. Nor is the assessor made the judge of the validity of such titles. And if the property be sold for the payment of taxes predicated upon such assessment, a valid title may be acquired,” etc.
 

 As we have said, the only grounds alleged in plaintiff’s petition as a reason why the tax sale to J. E. Todd is invalid is that Jackson never acquired a legal title to the property, and, when the property was sold for taxes, plaintiff was in the physical possession of it under a prima facie valid deed of record, and the property was sold without notice to him. No evidence whatever was offered on the trial of the case to support the averment that notice of the tax sale was not given to plaintiff as well as to Jackson, in whose name the property was assessed, although plaintiff testified in the case and had full opportunity to sustain the averment of his petition by proof. The same may be said with reference to the allegation of fraud in paragraph 3 of plaintiff’s petition. No evidence was offered to establish that averment.
 

 It has been held that the prima facie validity of a tax sale and of the. deed thereunder is presumed unless the contrary be shown. This rule applies with especial force when the validity of the tax sale is not questioned until after the lapse of years. In Bourke v. Hauffman, 2 Orleans App. 142, the court said:
 

 “Where there is no evidence in the record to show want of notice or any other defect, the presumptive validity of the tax title remains unrebutted.”
 

 In the ease of Gouaux v. Beaullieu, 123 La. 684, 49 So. 285, this court said (quoting from the syllabus):
 

 “The presumption ‘omnia rite’ applies to tax sales after parties have slept on their rights for many years.”
 

 The rule that all things are presumed to have been done regularly and with due formality until the contrary is shown is accepted in all jurisdictions.
 

 In the case of Pfefferlie v. State of Louisiana, 14 Orleans App. 211, the court said:
 

 “The constitutional presumption that every tax sale is prima facie valid, and hence was preceded by notice to the delinquent tax debt- or, can be rebutted only by direct and positive evidence to the contrary.”
 

 In the ease of Gonzales v. Saux, 119 La. 657, 44 So. 332, the court said:
 

 “The next complaint of plaintiff is that no notice had been given to the tax debtor.
 

 “The facts on this point are, as set oút in the recital of the deed of adjudication at the tax sale, that there was some sort of notice given. Nothing appears to the contrary.
 

 “There arises a presumption of regularity under that article which cannot be defeated by urging that the statements regarding notice are in the alternative -and vague and uncertain. Merest allegation will not be controlling in the presence of a deed which contains recital of a notice.
 

 “The want of sufficient notice urged presents scant ground for complaint, as it is not sus- ' tained.”
 

 
 *959
 
 In the case of Grifling v. Taft, 151 La. 442, 91 So. 832, this court, at page 447 (91 So. 834) of the opinion, said:
 

 “The tax deed in this case is prima fade evideuce of the valid tax sale. Plaintiffs have produced no evidence to show that such notices were not given.”
 

 More than five years elapsed from the date of the tax sale to J. E. Todd and the date .this suit was filed. We have found the assessment was valid, and as the ground of nullity actually set up in plaintiff’s petition as reason for setting aside the tax sale to Todd is that the sale was made without notice to plaintiff, and as no attempt was made to sustain this averment by proof, we must, necessarily, hold that the tax sale was also legal and valid. For these reasons the judgment of the district court and of the Court of Appeal are avoided, and it is now ordered that the demands of plaintiff be rejected at his cost. '