HERRIGES v. DOLORAS CIGAR COMPANY
PHOENIX BOX MFG. CO., Intervenor

---

(November 14, 1927. Opinion and Decree.)
(December 12, 1927. Decree on Rehearing.)
(January 20, 1928. Writ of Certiorari and Review denied by Supreme Court.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest—Appeal—Par. 625; Intervention—Par. 12.

As intervenor has proved his claim for goods sold and delivered, he should have judgment against Receiver for amount claimed.

2. Louisiana Digest—Appeal—Par. 625; Intervention—Par. 12.

As intervenor has failed to prove his allegations as to illegality of incorporation and subsequent acts of defendant, his suit is dismissed as to these averments.

Appeal from Civil District Court, Div. "F." Hon. Percy Saint, Judge.

Action by Mrs. Margaret Herriges, wife of Emilio L. Suarez against Doloras Cigar Company Inc. Phoenix Box Mfg. Co., Intervenor.

There was judgment for plaintiff and intervenor and defendant appealed.

Judgment amended and affirmed.

Wm. McL. Fayssoux, of New Orleans, attorney for plaintiff, appellee.

M. T. Woodward, Theo Cotonio, of New Orleans, attorneys for defendant, appellant.

OPINION

JONES, J. In this case plaintiff, on April 7, 1923, sued defendant, a Louisiana corporation, alleging it was indebted to her in the sum of One hundred twenty-one and 50-100 ($121.50) Dollars for money loaned with legal interest from October 15, 1922, until paid. She attached to and made part of her petition a resolution of the board of directors acknowledging inability of the corporation to pay its indebtedness and a statement showing the assets and liabilities of said corporation. The Court, upon said showing, ordered the corporation to show cause why a receiver should not be appointed.

On the same day defendant appeared through its President in court and filed an answer admitting the facts set forth in the petition and in the resolution which was attached to and made part of the petition of plaintiff in these proceedings.

Thereupon, the Court, on April 7, 1923, appointed Madison T. Woodward, receiver, and required a bond of Five Thousand ($5,000.00) Dollars.

On April 12, 1923, an order was signed by the Court directing an inventory to be taken.

On April 25, 1923, Madison T. Woodward, having complied with the requirements of law as receiver, petitioned the Court to adjust certain claims with the creditors of said corporation, which petition being unopposed after having remained placed on the order book for the required length of time was duly approved by the Judge.

On April 26, 1923, the receiver had homologated the inventory taken in said proceedings, which showed the assets, appraised at Fifteen hundred twenty-three and 20-100 ($1523.20) Dollars.

On May 9, 1923, the Phoenix Box Manufacturing Company, Ltd., filed a petition of intervention and third opposition, alleging that the Doloras Cigar Company, Incorporated, and Frank D. Franklin, M. Truman Woodward and Emilie L. Suarez, individually and solidarily, were indebted to it in the sum of One hundred eighty-three and 45-100 ($183.45) Dollars as a balance due for boxes sold and delivered to defendant.

This petition also contained the following allegations:

(1) Capital stock of corporation was never fully subscribed or paid for.

(2) Corporation began business before fifty per cent of capital stock subscribed had been actually paid for and contracted debts for more than twice amount of paid up capital.

(3) That Mrs. Suarez was not a creditor and her appointment as receiver was null, because corporation had not been legally cited and was never legally incorporated.

Intervenor then prayed for citation on the corporation, on Franklin, on Suarez and on Woodward, individually and as receiver; that the judgment appointing receiver be set aside and there be judgment in her favor and against the corporation and all three members thereof severally and in solido.

To this petition an exception of no cause of action was filed and overruled on July 25, 1923.

On July 31, 1923, receiver filed his quarterly account showing net profit for three months ending July 16, 1923, amounting to Eight hundred eight and 11-100 ($808.11) Dollars.

On October 13, 1923, the corporation filed an answer admitting the claim of intervenor, but denying the other allegations. On the same day each of the incorporators filed answers averring that corporation was legally incorporated and receiver duly appointed, because Mrs. Suarez was a bona fide creditor in the amount claimed in her original petition.

On November 12, 1923, the receiver prayed for permission to sell the assets as business was not proving profitable and the petition being unopposed after having been upon the order book ten days, the Court, on November 27, ordered the assets sold at public auction.

On February 18, 1924, receiver petitioned this Court for permission to sell assets at private sale for One hundred fifty ($150.00) Dollars, as no bid had been made at public auction. Again after placing petition on order book, waiting ten

days for opposition in vain, the Court ordered assets sold at private sale for One hundred fifty ($150.00) Dollars and sale was made accordingly.

On November 24, 1924, receiver filed his final account showing the following:

| | |
|---|---|
| Cash balance on hand | $229.38 |
| Privileged claims | 353.90 |
| Old accounts receivable | 378.30 |
| Total ordinary claims | 6812.42 |

Among the ordinary creditors are listed the Phoenix Box Co. for One hundred eighty-three and 45-100 ($183.45) Dollars and Mrs. Suarez for One hundred twenty-one and 50-100 ($121.50) Dollars.

To this account two oppositions were filed, one by the City for licenses and taxes and one by intervenor herein. On January 25, 1925, account was approved so far as not opposed, but no distribution of funds has been made.

Meanwhile, this intervention was tried and on July 9, 1924, there was judgment dismissing the petition and intervenor has appealed.

Intervenor has never insisted on his objection to the citations and to practice followed in appointing the receiver, for the record shows these objections have no merit whatever.

The contention that Mrs. Suarez was not a creditor is refuted by the fact that the corporation in its answer admits the indebtedness.

In this Court earnest contention is made that incorporators are individually liable because the so-called corporation failed to comply with Act 267 of 1914, the general corporation statute in following particulars:

(1) It did not record in the Mortgage Office a list of the assets delivered to the new company by the old partnership for which seventy shares of stock was issued in violation of Section 3.

(2) Fifty per cent of stock subscribed was not paid in before it began business and it incurred liabilities greater than the amount paid in violation of Paragraph C, Section 2.

It is further contended that subscribers are personally liable to unpaid creditors in an amount equal to unpaid balance on the stock under Section 12 and these three directors are severally liable for failing to make proper reports to Secretary of State in further violation of Paragraph C, Section 2.

The record shows the following facts:

Doloras Cigar Company was incorporated on January 19, 1922, by act before W. M. Gurley, notary public, and charter was recorded in Mortgage Office on January 30, 1922. Capital stock was fixed at Ten Thousand ($10,000.00) Dollars, represented by One hundred shares of One hundred ($100.00) Dollars par value.

Frank D. Franklin signed for thirty-three shares.

W. T. Woodward signed for ten shares. Emile L. Suarez signed for thirty-two shares.

Woodward paid Five hundred ($500.00) Dollars cash and got his friend, Boswell, to pay Five hundred ($500.00) Dollars for him.

These three subscribers were declared the directors and officers, Woodward being president; Suarez, vice-president, and Franklin, secretary.

On February 1, 1922, the directors voted that the corporation purchase from Franklin and Suarez for seven thousand ($7,000.00)

dollars, all the assets of the partnership, formerly known as the Doloras Cigar Manufacturing Co., "said assets including all current, deferred and fixed assets, stock in trade, printing, fixtures, tobacco boxes, labels, copyrights, good will, accounts receivable and in fact all property and assets of every nature whatsoever."

All these assets were transferred to new corporations in return for the sixty-five shares of stock subscribed for by Franklin and Suarez. Notary and Attorney reported transfer was legally made, but Receiver Woodward, the only witness on this subject, did not know personally whether an itemized appraisement was recorded in Mortgage Office or not.

On December 6, 1922, Franklin and Suarez each gave Woodward enough of their stock to make each subscriber have twenty-five shares, in consideration for his endorsement and cash loan to company; old certificates were then cancelled and each of the three got a new certificate for twenty-five shares and Boswell a certificate for five shares, making a total subscription of Eight thousand ($8,000.00) Dollars; appraisement of old partnership property when transferred to corporation was made by Franklin and Suarez; liabilities of company at time of receivership April 7, 1923, amounted to Seven thousand one hundred sixty-three and 72-100 ($7,163.72) Dollars, most of which were incurred in the summer of 1923; old partnership was bought as a going concern for Sixty-five hundred ($6500.00) Dollars in stock. Claim of intervenor was proved.

The above digest shows that intervenor has failed to prove all of his other allegations. However, he attempts to supplement his proof by deductions from the values as found in the statement of the auditor and in the inventory as compared with the value as shown at receiver's sale.

The statement of the auditor filed with resolution of board asking for a receiver shows the following:

### ASSETS

| | |
|---|---|
| Accounts receivable | $881.85 |
| Merchandise | 5333.22 |
| Office fixtures & factory equipment | 1179.05 |
| Copyrights and patents, exclusive of good will | 2500.00 |
| | 9894.12 |
| Total current liabilities | 7030.22 |
| Accrued liabilities | 130.50 |
| | $7150.72 |

The total appraisement in the inventory was One thousand five hundred twenty-three ($1,523.00) Dollars and the selling price One hundred fifty ($150.00) Dollars.

Although the assets brought practically nothing when sold at private sale after the business had failed and the company had ceased to do business, this by no means justifies the presumption that these assets had no value to a going concern at time of transfer. In the very nature of the case they had no value except to persons engaged in cigar manufacturing and if no buyers in that line were interested, they would be practically worthless to the general public.

Although all the books of the company were in court and the Receiver testified fully as to all the past transactions of the company, intervenor entirely failed to prove that the appraisement of property given for stock was not made and recorded in the Mortgage Office and that proper reports were not made to Secretary of State.

Section 17 of Act 267 of 1914 reads as follows:

"Be it further enacted, etc., That if stock be issued for property in violation of the provisions of this act, or if any dividend or other reduction of the assets be made

other than from net profits, or if a reduction of capital be made under the guise of a loan to stockholders, or if any report of statement or public notice shall not be made as required by law, the officers shall be jointly and severally liable with the directors, as provided above; provided, however, that if the knowledge required for the making of any statement or report prescribed by this section, be not practically obtainable, the officer or director making it shall be liable as herein set out."

It will be noted that the directors are jointly and severally liable to the creditors for any *loss or damage "arising therefrom."*

In this suit even if we admit the unproved allegations of intervenor's petition as to failure to record appraisement of property sold to corporation within legal delays and failure to make reports to Secretary of State in January and July as to actual stock subscribed, there is absolutely no proof that intervenor's loss was occasioned by violation of these requirements. On the contrary intervenor testifies that he had done business satisfactorily for several years with the old partnership and that he continued to do business after he heard that the partnership had been changed into a corporation without making any investigation whatever, and there is every indication that these charges are only second thoughts after the failure of the business, and that the failure to record appraisement and make reports to Secretary of State had nothing to do with his loss.

Act XIII, Section 2, La. Constitution 1921, prohibits corporations from issuing stock except for labor done, or money or property actually received under penalty of forfeiture of charter for issue of fictitious stock and the Supreme Court held in the case of Weber vs. Christ, 130 La. 450, 58 So. 144, that the property transferred must equal in value the shares subscribed. But here there is no proof that the property of the old partnership at the time of the transfer in February, 1922, was not worth the value of the stock given in exchange, because there is no proof of actual value of the stock given in exchange, because there is no proof of actual value of property exchanged. Furthermore, the assets certainly had some value, the stock was not fictitious and the subscriber was liable only for the difference in value between the property transferred and the stock subscribed.

As plaintiff has entirely failed to prove his allegations as to illegal acts of corporation, his suit must be dismissed on these points, but he has proved his claim and is entitled to judgment against Receiver.

It is ordered that there be judgment in favor of Phoenix Box Manufacturing Co., Intervenor, and against Doloras Cigar Co., through its Receiver, M. T. Woodward, in the sum of One hundred eighty-three and 95-100 ($183.95) Dollars, with legal interest from May 9, 1923.

It is further ordered, adjudged and decreed that the petition of Intervenor be dismissed in all other respects.

## ON PETITION FOR REHEARING

On application for rehearing, it is ordered that costs of this Court be paid by the Receiver of the corporation out of the funds on hand as a privileged debt.

See Art. 3195, Revised Civil Code.