No. 3400

Second Circuit

BOZEMAN ET AL. v. CRICHTON CO., LTD.

(May 7, 1931. Opinion and Decree.)
(June 11, 1931. Rehearing Refused.)

McInnis & Campbell, of Minden, attorneys for plaintiffs, appellants.

A. C. Drew, of Minden, attorney for defendant, appellee.

CULPEPPER, J. This is a petitory action instituted by plaintiffs to recover an undivided one-half interest in the following described tract of land and improvements, situated in the parish of Webster, alleged to be in defendant's physical possession, to-wit: The NW¼ of SE¼ and N½ of SW¼, section 6, Tp. 18 N., R. 9 W., containing 120 acres, more or less, together with all the buildings and improvements thereon.

From a judgment rejecting plaintiffs' demands, they have appealed.

Plaintiffs for cause of action allege that they are the sole heirs of Hattie Mitchell (born Lister), deceased wife of Balem Mitchell; that they are the sole issue of the marriage of said Hattie Lister and

Balem Mitchell; that said above-described property was acquired by said Balem Mitchell, their father, in 1904, during the existence of the community between their said father and mother, and same fell into said community of acquets and gains; that their said mother died June 7, 1907, at which time the property still belonged to said community; and that the undivided one-half interest in said tract of land and improvements thereon as herein sued for was thus acquired by plaintiffs from their mother.

There are five in number of plaintiffs, viz.: Mattie Bozeman, born Mitchell, wife of Frank Bozeman; Willie Mitchell; Jennie Ross, born Mitchell, wife of Tom Ross; Eva Henderson, born Mitchell, wife of Willie Henderson; and Arthur Mitchell— all of whom are of full age, except Willie Mitchell, who is a duly emancipated minor above the age of eighteen years. The death of Hattie Mitchell and the fact of plaintiffs' heirship are fully proved by the testimony in the record. It is not shown by the record that there was ever any formal judgment of the court establishing the death and heirship nor sending plaintiffs in possession of their mother's succession. It will be noted that plaintiffs have prayed for recognition and possession in connection with this suit.

Plaintiffs set up chain of title through mesne conveyance from the United States government down to the title deed from James M. Miller to Balem Mitchell, plaintiffs' father, of date October 22, 1904, recorded in Conveyance Book 13, p. 497, Webster parish. They allege that defendant, Crichton Company, Limited, is in the actual physical possession of said property without any right or title whatever, and refuses to surrender possession without any good or legal cause.

Defendant answered, admitting its actual possession of the property, but denies ownership in plaintiffs, and allege ownership to be in defendant. Defendant alleges it purchased the property as a whole from Balem Mitchell under full warranty deed dated November 28, 1922, recorded in Conveyance Book 57, p. 200, Webster parish; also alleges its title runs back to the government from Balem Mitchell through the same chain of deeds as set up by plaintiffs.

On the day fixed for trial, January 4, 1928, one T. A. Glass filed an intervention and third opposition, claiming ownership of the property under a tax sale to him June 30, 1923, for unpaid taxes for 1922, assessed in the name of Balem Mitchell as owner. It will be noted that the attorney who represented defendant in the main suit also represented the intervener and accepted service of the petition of intervention on behalf of the defendant the day the petition was filed. Intervener thereupon filed a plea of prescription of three years, over objections of plaintiffs' counsel, interposing his alleged tax title as a bar to plaintiffs' right to recover. The plea does not appear to have been passed upon by the court. On motion of counsel for defendant, who was also counsel for intervener, the case was continued to January 19, 1928. On that day the intervener, through his counsel, also counsel for defendant, the intervention was dismissed. On that same day defendant filed an amended answer, which is as follows:

"That paragraph 3 (of original answer) should be amended by adding the following —'Answering further defendant shows that there is at this time, outstanding in the name of T. A. Glass, a tax title dated June 30, 1923, wherein the property herein in contest was conveyed to the said T. A. Glass for the unpaid taxes of the year 1922—which outstanding title is herein set up as a bar to the plaintiffs' action.' "

Also on that same day, January 19,

1928, defendant filed, over objections by counsel for plaintiffs, a plea of prescription of three years in bar of plaintiffs' right to recover, based upon the tax sale to Glass above referred to.

Plaintiffs' counsel calls the attention of the court, in his brief, stating that the court minutes show these filings (amended answer and plea of prescription) were made under objections of plaintiffs, but do not show the reasons for the objections, which were that the issues between plaintiffs and defendant were changed and that the allegations of the amended answer contradicted the allegations of the original answer, and constitutes an attack on the title of defendant. Counsel argues that the objections should have been sustained, and, had they been sustained, it would have practically put an end to the law suit. From the proof which followed upon the trial of the case, had the filing of the amended answer and plea of prescription been disallowed by the court, plaintiffs' case would have been easily won. As a matter of fact, defendant in original answer did claim ownership of the property, and still maintains that position. To set up the tax sale to Glass in the amended answer, and then interpose a plea of prescription based upon the sale, would, if the tax sale is valid, adversely affect defendant's claim of ownership as well as that of its adversary. Under this state of pleadings defendant has undoubtedly placed its alleged title in jeopardy. But it seems that defendant is not so much concerned about holding the property as it is to prevent plaintiffs from recovering it. Defendant's position is that plaintiffs will have to stand upon the validity of their own title and not rest their case upon the weakness of that of defendant's. In this defendant is correct, and it is best that the case be proceeded with so as to determine the whole issue. While defendant has seen fit to inject into the suit the tax title in question, it gives plaintiffs the right and opportunity to attack it, and, if possible, brush it out of the way. In Telle v. Fish, 34 La. Ann. 1243, the court held:

"Plaintiff may meet title opposed to him by all means of attack, as if specially pleaded, even when such title is tax sale."

The court further held:

"The well settled rule of law, that the validity of a tax sale cannot be attacked collaterally, but only in a direct suit, does not apply to a petitory action, in which the defendant alleges the tax sale as his title. There, the plaintiff has the right to show the illegality of the title opposed to him, though it be a tax sale prima facie valid.

"In such a case, all matters of defense set up in the answer must be considered as open to every objection of law and fact, as if such objection had been specially pleaded"—citing Hickman et al. v. Dawson et al., 33 La. Ann. 438.

Mr. F. A. Glass, who intervened in this case, claiming the property under the tax sale in question, and who only at the last moment before the trial started dismissed his intervention, and who remained in court and was the principal witness for defendant, and who is the president and manager of, and owner of nineteen-twentieths of all the capital stock in, defendant company, and used the same attorney to represent him in his intervention, who now represents his company, should have no cause to complain at the findings of the court as to the validity of his tax title, nor in any manner be prejudiced thereby.

The question, therefore, for determination is the validity, vel non, of the tax sale referred to above.

At the time the property was assessed in 1922, the title stood in the name of Balem Mitchell as record owner, and it was accordingly assessed in his name. On No-

vember 28, 1922, Mitchell conveyed it under warranty deed to defendant, at which time defendant took over the actual physical possession of the property, and has since retained the possession, rented it out, and received the rents and revenues therefrom. These are the undisputed facts as disclosed from the pleadings and testimony of the witnesses. Defendant held this possession, of course, at the time the property was being advertised for sale and when the sale took place. Defendant continued its said possession after the tax sale, as owner, down to the present time, without any molestation or demand for possession from T. A. Glass, the tax purchaser. Notice of tax delinquency was served upon Balem Mitchell, and not upon defendant. Under these conditions, the plea of three-year prescription interposed by defendant is untenable.

"Owner of record at time of advertisement and sale for taxes is to be regarded as a delinquent tax debtor within meaning of constitutional provision requiring notice to delinquent before selling, and, where notice of delinquency is not given such recorded owner, tax sale is null and void, even though property was assessed in another's name." Ryals v. Todd, 165 La. 952, 116 So. 395.

In Byrne v. Commercial Security Co., 7 La. App. 667, the court, in discussing article 233 of the Constitution of 1898, which corresponds to article 10, sec. 11, of the Constitution of 1921, the latter named article and section being the one relied on by defendant, has this to say:

"Jurisprudence has added two exceptions to the operation of prescription under article 233:
"1. When the nullities of the tax sale are radical or the description of the property insufficient.
"2. When the original owner or tax debtor at the time of the tax sale was in the real, natural, physical, or corporal possession of the property sold, C. C. 3427-3428-3429, and so remained until the filing of the suit against him. It is a badge of ownership and no prescription runs against the owner. His possession is a continuous protest against the tax title and interrupts the prescription of three years."

The court here cites a long list of decisions in support of its position. And the court further says:

"It is the absence of possession by the former or original owner or tax debtor, which prescribes the right of said tax debtor to question the validity of the sale."

And it further said:

"It is not necessary for the tax purchaser to take possession; it suffices that the original owner or tax debtor be not in possession. It makes no difference who acted as owner of the lot or who was in possession of it, as long as it was not the former owner. The rights of the tax purchaser could be suspended only by the actual possession of the former owner himself, or of some one for his account"—citing Slattery v. Kellum, 114 La. 288, 38 So. 170.

In Ryals v. Todd, supra, the record owner at time of advertisement and sale is construed to mean the delinquent tax debtor within the meaning of constitutional provision requiring notice to delinquent before selling at tax sale. And in the Byrne case just quoted from it is held that prescription does not begin to run as long as the original owner or tax debtor is in the real, natural, physical or corporeal possession of the property.

Under these decisions, and the cases cited thereunder, defendant herein, the Crichton Company, Limited, was the tax debtor. It was the record owner at the time of the advertisement and sale. It is clear from the pleadings and testimony in the record, and not disputed, that said defendant company has thus held possession since the sale down to the filing of this

suit, without any molestation or demand for possession from any one. Under such circumstances, prescription has not even commenced to run as to the tax sale. The plea of prescription filed is therefore untenable, and is overruled.

This places the tax sale in position subject to attack as to its validity. Defendant contends that the sale is valid; plaintiffs insist it is invalid. Under the many decisions of the courts of this state, it is unmistakably true that notice of tax delinquency must be served upon the record owner at time of the advertisement and sale. Such person is construed as the tax debtor to whom the notice must be given by the tax collector. In this case the notice was not served upon the record owner and tax debtor, Crichton Company, Limited. It is nowhere contended that it was. On the contrary, it is admitted that the only notice served was upon Balem Mitchell, the record owner at the time the property was assessed for taxes. Such a notice amounts to a radical defect in the sale that followed. And it necessarily followed that the sale was null and void. Ryals v. Todd et al., 165 La. 952, 116 So. 395.

Since it is clear that the tax sale in question was null, and prescription has not run against the tax debtor's right to attack the sale, and since we hold that plaintiffs have the right to attack this tax sale by whatever means at their command, we conclude that said tax sale was and still is null and void, and operates no bar to plaintiffs' right of recovery.

Defendant's contention that plaintiffs are not in position to seek relief herein by reason of the fact that they have never been recognized as the heirs of their deceased mother and sent into possession of her succession is, we think, without merit.

The only effect flowing from such action on their part would be their acceptance of the succession pure and simple, and thus become liable for its debts, if any. But, so far as their right to sue for the recovery of property belonging to the succession is concerned, they have that undoubted right. The proof is ample that plaintiffs are in fact the sole heirs of the deceased wife of Balem Mitchell, and that the property sought to be recovered is the deceased's community interest in the land and improvements thereon described in the petition.

The sale, or purported sale, by Balem Mitchell to defendant of the property described in the petition was undoubtedly null and of no effect in so far as it affected the one-half community interest of Balem Mitchell's said deceased wife. The sale was made long after her death, without any legal authority and without being joined therein by her heirs or legal representatives. Mr. Glass, who acted for defendant at the time, admits on the stand that he was aware that the title as to the half interest in the property belonging to Mitchell's deceased wife's succession was not good when he accepted the deed.

Plaintiffs have prayed that they may be recognized as the sole heirs of Hattie Mitchell, their deceased mother.

It is accordingly ordered that plaintiffs Mattie Bozeman, Willie Mitchell, Jennie Ross, Eva Henderson, and Arthur Mitchell be, and they are hereby, recognized and decreed to be the sole heirs at law to their deceased mother, Hattie Mitchell, born Lister; and as such entitled to the possession, in the proportion of an undivided one-fifth interest each, of the property belonging to the succession of the deceased, and especially the one-half inter-

est in the property hereinabove described.

For the reasons assigned herein, it is hereby ordered and decreed that the judgment of the lower court be reversed; and it is now ordered that plaintiffs do have judgment against defendant decreeing plaintiffs to be the owners, and, as such, entitled to the possession, of an undivided one-half interest in and to the hereinabove described property and improvements thereon. Defendant to pay costs of both courts.