PONDER, Justice.
 

 The defendant is appealing from a judg-' ment dismissing its reconventional demand.
 

 The plaintiff brought suit against the defendant seeking to recover $2,500 for breach of contract. The defendant denied any liability on its part and reconvened asking for treble damages alleged to have been caused by a conspiracy and- combination by the plaintiff and others in violation of the Sherman, 15 U.S.C.A. §§ 1-7, 15 note, and Clayton, 15 U.S.C.A. § 12 et seq., Anti-Trust Acts and for damages for alleged libel. The plaintiff attacked the reconventional demand by filing exceptions to the jtirisdiction of the court and no cause or right of action and a plea of prescription of one year. The lower court, on hearing of the exceptions and plea, gave judgment sustaining the exceptions and the plea of prescription, and dismissed the re-co'nventional demand. The defendant has appealed. • ■
 

 The judgment in this case is founded on prohibited pleadings and prior to a hearing on the main demand. Under the provisions of Article 329 of the Code of Practice, when a defendant in his answer alleges new facts, they are considered as being denied by the plaintiff and replication or rejoinder is not to be admitted. Our courts have consistently held since the adoption of the Code of Practice that replication or rejoinder will not be permitted. Some of the many decisions to that effect are as follows: Arkansas Natural Gas Corporation v. Sartor, 5 Cir., 98 F.2d 527; McMaster v. Stewart, 11 La.Ann. 546; Hickman v. Dawson, 33 La.Ann. 438; Telle v. Fish, 34 La.Ann. 1243, 1244; Webre v. Christ, 130 La. 450, 58 So. 145; Abshire v. Lege, 133 La. 254, 62 So. 667; Ryals v. Todd, 165 La. 952, 116 So. 395; Patton’s Heirs v. Moseley, 186 La. 1088, 173 So. 772; Roy O. Martin Lumber Co. v. Hodge-Hunt Lumber Co., 190 La. 84, 181 So. 865; Lee v. Perkins, 195 La. 939, 197 So. 607; Galiano v. Galiano, 213 La. 332, 34 So.2d 881; Cheramie v. Stiles, 215 La. 682, 41 So.2d 502.
 

 The trial of cases in piecemeal is not favored. Succession of Dancie, 187 La. 628, 175 So. 418. If the plaintiff had adopted the more regular procedure of objecting to the introduction of any evidence in support of the reconventional demand, we would not be presented with an appeal at this time. State ex rel. Pflug v. Judge, 35 La.Ann. 765. Where the re-conventional demand is incidental to and grows out of the main demand, the two defiiands should be tried together and the testimony introduced by the respective- claim-'
 
 *132
 
 ants should he introduced at one trial. First National Bank Bldg. Co. v. Dickson & Denny, 202 La. 970, 13 So.2d 283. If this rule is not adhered to, a case could be tried in piecemeal and as pointed out in Bossier’s Heirs v. Hollingsworth & Jackson, 117 La. 221, 226, 41 So. 553, 555 “a single suit may be infinitely divided, with divisions and subdivisions pending, at the same time, in different courts.”
 

 For the reasons assigned, the judgment is reversed and set aside and the case is remanded to be tried consistent with the views herein expressed. The costs of this appeal to be paid by the plaintiff-appellee and all other costs to await the final disposition of the case.