293 So.2d 226 (1974)
Lesley Wayne SIMMONS et al., Plaintiffs-Appellees,
v.
BEAUREGARD PARISH SCHOOL BOARD et al., Defendants-Appellants.
No. 4465.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1974.
William C. Pegues, III, DeRidder, for defendant-appellant-appellee.
C. A. Miller, Jr. and Russell T. Tritico, Lake Charles, for plaintiffs-appellees-appellants.
Hall & Coltharp by L. H. Coltharp, Jr., Mitchel M. Evans, DeRidder, for defendants-appellees.
Before FRUGE, MILLER, and DOMENGEAUX, JJ.
FRUGE, Judge.
This is a suit for damages by the father of a minor child who was injured through the alleged negligence of the defendant school board's employees. From a jury verdict rendered in favor of plaintiff, the school board has appealed. We remand the case ex proprio motu.
*227 The defendants in this suit were the Beauregard Parish School Board, the principal of the Eastside Upper Elementary School of DeRidder, Louisiana, Mr. B. D. Crain, Vincent Garofolo, the assistant principal, James A. Welborn, Jefferson D. Bryant, teachers, and Horace Mann Mutual Insurance Company. The jury found negligence on the part of the school board, Crain, Garofolo, and Bryant. The jury found that Welborn was not negligent and that no other school employee was negligent. Judgment was rendered against B. D. Crain, Vincent Garofolo, Beauregard Parish School Board, and Horace Mann Mutual Insurance Company. Bryant had not been served with process, so he was not cast in judgment. All parties cast in judgment applied for new trial, which was granted, except as to the school board. An appeal taken by the plaintiff from the order granting a new trial was dismissed by this court, 284 So.2d 668, since there was no final judgment against those parties. The school board was the sole party against whom the judgment has become final, and has appealed that judgment.
The result reached by the granting of a new trial to all but one defendant represents a fragmentary adjudication of this lawsuit. The judgment against the school board has become final, and it is correctly appealable. We find, as a policy matter, this type of appeal is not in the best interest of justice and judicial economy.
An excellent summary of jurisprudence on this subject is found in the case of Jeansonne v. Willie, 188 So.2d 170 (La. App. 4th Cir., 1966). We accordingly quote this summary as follows:
"We find the following expressions on the subject-matter made by various courts: `the law does not favor bringing up cases by piecemeal'; `it is well settled in our jurisprudence that the law does not favor a multiplicity of suits and frowns upon the trial of cases in piecemeal'; `if this be not so, there may be, in any given case, as many appeals as there are issues presented'; `the above article makes it certain that it is not the policy of the law to permit a lawsuit to reach the appellate court in fragments or piecemeal'; `under our procedure and jurisprudence, trial of all matters pertaining to the existence of liability on the part of defendant is held on the merits, rather than piecemeal'; `the trial of cases in piecemeal is not favored'. Loew's v. Don George, Inc., 227 La. 127, 78 So. 2d 534; Succession of Dancie, 187 La. 628, 175 So. 418; Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553; Blackburn v. Toye Bros. Yellow Cab Co., La.App., 115 So.2d 65; Leteff v. Maryland Casualty Co., La.App., 82 So.2d 80 (Cert. Den.), and General Motors Acceptance Corp. v. McCarthy, La.App., 50 So.2d 520."
Under Louisiana Code of Civil Procedure Article 1971, the trial court had within its discretion the power to hold this judgment in abeyance as to all parties and issues. From the record, it is apparent that no such suggestion was made. We believe that the proper procedure, in cases such as this, where a new trial is granted to some but not all parties, is the judgment should be held in abeyance as to all parties and issues until the re-trial of the case.
Should this court review the judgment appealed from, and reach the conclusion that there is liability on the part of the appellant herein, the net effect would be an unjust result to appellant. It is possible that undue prejudice may arise from the expression of this court with regard to the liability or quantum. Further, should the plaintiff receive an award from this court, the likelihood of substantial prejudice by dismissal of the case against the other parties, who were granted a new trial, would prejudice the appellant's right to recover the prorata shares of the solidary obligors or joint tortfeasors.
Louisiana Code of Civil Procedure Article 2164 authorizes appellate courts to render any judgment which is just, legal, and proper upon the record. Under this power, *228 we think the ends of justice, judicial economy, and orderly procedure require that we remand this case to the trial court, and order that the judgment against the appellant, Beauregard Parish School Board, be held in abeyance until final judgment is rendered with regard to all parties. An appeal from that judgment would place this court in a position to dispose of the case with a single judgment.
It is ordered that the judgment herein is hereby held in abeyance and the case remanded. Costs of this appeal are to await final adjudication.
Judgment held in abeyance and remanded.