MOTION TO DISMISS

JhKNOLL, Judge.
Defendant-appellee, Steven Sasser, moves to dismiss the appeal filed by plaintiff-appellant, Michael Ortego, as untimely. For the reasons assigned below, we deny the motion.
Below are the pertinent dates revealed in the record in this case.
On March 21, 1994, the trial court signed a final, written judgment on the merits of this suit in which the trial court ruled against plaintiff and in favor of defendants, Steven Sasser and State Farm Insurance Company. However, in this same judgment, the trial *759 court confirmed a default judgment in favor of plaintiff and against defendant, Joseph Michael Faircloth.
On March 21, 1994, notice of Judgment was mailed by the clerk of court’s office for the district court to C. Brent Coreil, attorney for Michael Ortego; DeWittj^Methvin, attorney for Steven Sasser; and John MeLure, attorney for State Farm Insurance Company.
On April 7,1994, plaintiff filed a motion for appeal from this judgment; on this same date, the trial court granted the motion.
On May 4,1994, defendant Joseph Michael Faircloth filed a Motion for New Trial in which he argued that he was entitled to a new trial due to the failure to provide him with notice of the taking of the default judgment.
The clerk of court’s office of the district court forwarded the appellate record in this ease to this court for filing.
Upon examination of this record, we noticed that the record revealed that the trial court had set the motion for new trial for a hearing. Upon further inquiry this court was informed by the district court that the trial court had granted the motion for a new trial and that the matter was set to be tried anew before the trial judge. Therefore, this court returned the record to the district court on July 12, 1994, without having filed the record.
On October 7,1994, the trial court signed a written judgment which ordered a new trial as to the issues between plaintiff and defendant, Joseph Michael Faircloth.
On May 3, 1995, the trial court signed a new final, written judgment finding in favor of plaintiff and against defendant, Joseph Michael Faircloth.
On May 5, 1995, counsel for plaintiff, C. Brent Coreil, sent a letter to the clerk of court for the Ninth Judicial District Court expressing his desire to pursue the appeal originally filed by plaintiff after the entry of the first judgment.
On May 9, 1995, the clerk’s office in the district court sent a letter informing plaintiffs counsel of this court’s action of returning the record in response to the district court’s first attempt at lodging this appellate record.
On September 6, 1995, plaintiffs counsel again corresponded with the district court clerk’s office and requested that the record in this case be forwarded to the appellate court in order to pursue the earlier entered appeal.
On October 5, 1995, this court filed the record in this case.
On October 11, 1995, appellee, Steven Sas-ser, filed the instant Motion to Dismiss Appeal.
The sole issue raised in the Motion to Dismiss Appeal is whether the order of appeal which was signed by the trial court on April 7, 1994, remains viable. ^Underlying the motion to dismiss filed by appellee, Sas-ser, is the premise that at some point after the entry of the order of appeal, this order lost its efficacy. Neither statutory nor judicial authority is cited by appellee in support of this conclusion. We find appellee’s postulate in this regard to be incorrect.
The facts of the instant case are similar to the situation presented in Simmons v. Beauregard Parish School Board, 293 So.2d 226 (La.App. 3 Cir.1974). The final judgment initially rendered in Simmons cast several defendants in judgment. However, all the defendants so cast applied for a new trial, except the school board. The school board took an appeal from the final judgment rendered against it. This court, ex proprio motu, remanded the case.
The Simmons decision first noted that pursuant to La.Code Civ.P. art. 1971, the trial court is vested with the discretion to hold the judgment in abeyance as to all parties and issues, even though the court granted a motion for new trial as to less than all parties or issues. This court proceeded to find that the school board was entitled to an appeal from the final judgment against it. Even so, this court ruled that, “... the ends of justice, judicial economy, and orderly procedure require that we remand this case to the trial court, and order that the judgment against the (school board) be held in abeyance until final judgment is rendered with regard to all parties.” Id. at 228. This court *760 did not order the dismissal of the appeal, but rather ordered, “Judgment held in abeyance and remanded.” Id.
Similarly, in the case sub judice, the plaintiff was entitled to an appeal from the judgment of March 21,1994, as to the defendants who were released from liability. However, defendant Faircloth filed a timely motion for new trial. See, La.Code Civ.P. arts. 1913 and 1974. Accordingly, the judgment of March 21, 1994, should have been held in abeyance pending the trial court’s final disposition of this case in light of the new trial. This court never entered a judgment of dismissal as to the appeal by plaintiff. Further, appellee, Sasser, did not file his motion to dismiss the appeal until after the trial court entered the second final judgment against Faircloth following the new trial. Therefore, we find that this court has jurisdiction of this appeal due to the order granting the appeal signed by the trial court on April 7, 1994. We deny the motion to dismiss at appellee Steven Sasser’s costs.
MOTION TO DISMISS DENIED.