### ARKANSAS NATURAL GAS CORPORATION v. SARTOR et al.*
### SARTOR et al. v. ARKANSAS NATURAL GAS CORPORATION.
### No. 8770.

Circuit Court of Appeals, Fifth Circuit.
Aug. 10, 1938.

528

Elias Goldstein, of Shreveport, La., for Arkansas Natural Gas Corporation.

G. P. Bullis, of Vidalia, La., for James M. Sartor et al.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

This suit was brought originally in March, 1933, by James M. Sartor, Frank B. Sartor and Daniel R. Sartor, against Arkansas Natural Gas Corporation, to recover additional royalties on natural gas produced from land in Richland Parish, La., owned by them, upon which defendant holds a mineral lease. Frank B. Sartor died and his administratrix, Mrs. Earline W. Sartor was substituted as a party plaintiff. On a former appeal a judgment in favor of plaintiffs was reversed for error in admitting and excluding evidence. Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924.

Briefly stated, the case now presented is this. Plaintiffs each own an undivided ⅙ interest in the land. The lease provided for a royalty of ⅛ of the gas produced, based on market value. There is no dispute as to the amount of gas produced nor that plaintiffs were paid their full royalties thereon on a basis of 3 cents per 1000 cubic feet. Plaintiffs alleged that the true market value of the gas exceeded 6½ cents per 1000 cubic feet and they had accepted payment on a basis of 3 cents per 1000 cubic feet in ignorance of their rights. Defendant alleged the basis of 3

cents per 1000 cubic feet was correct, denied any right of recovery for the difference and pleaded prescription (limitation) of three years to part of the claim. After the cause was remanded defendant was permitted to file an amended answer, alleging that it had erroneously included in the basis for the payment of royalties the value of gasoline extracted from the gas and set up a reconventional demand to recover that difference. Plaintiffs urged the prescription of three years to the reconventional demand.

The case presents unusual features. At the close of the evidence defendant moved for a directed verdict on both the demand of plaintiff and its reconventional demand. Plaintiffs asked for special charges. These issues were argued before the judge out of the presence of the jury. The judge overruled the motion of defendant for judgment on the main demand and granted the motion for judgment on the reconventional demand. Apparently he denied the requests of plaintiffs for special charges but that is not clear from the record. It does not appear that the judge charged the jury except in connection with the following stipulation, which appears in the bill of exceptions: "Thereupon it was agreed by plaintiffs, defendant and the Court that the jury bring in a special verdict, stating what the jury found to be the market price, and that the Court compute the amount of the judgment, if any, in favor of plaintiffs, by applying this market price found by the jury to the agreed quantity of gas produced."

The jury returned the following verdict: "We the jury find for plaintiffs, that the average price of gas at the well in Richland Parish Louisiana field, during the period beginning March 20th, 1930, and ending March 20th, 1933, to be .0445 per 1000 cubic feet at eight ounce pressure."

The effect of the stipulation was to leave every question presented in the case other than the determination of market value to the judge for his decision without the intervention of the jury. The judge sustained defendant's plea of prescription of three years to part of plaintiffs' demand and overruled plaintiffs' plea of prescription to the reconventional demand of defendant. Judgment was entered in favor of plaintiffs, in the sum of $3852.92 on their demand, with interest at 5% per annum from March 20, 1933, until paid and for costs. Judgment was entered in favor of defendant on the reconventional demand in the sum of $3,547.35, with interest at 5% from September 13, 1937, without costs. Both plaintiffs and defendant have appealed.

Defendant assigns error only to the overruling of the motion for verdict on the main demand. Plaintiffs assign various errors but it is unnecessary to discuss them. Plaintiffs contend that the limitation of ten years and not three years applies to their demand; that defendant was not entitled to recover on the reconventional demand and it was barred by limitation of three years; and that compensation (set off) took place as to the reconventional demand.

As to the overruling of the motion to direct a verdict for defendant on the main demand it is sufficient to say there was substantial evidence before the jury to support the special verdict rendered. We are without authority to reexamine the facts on that issue and the verdict must stand. However, we are at liberty to consider the questions decided by the court without the intervention of the jury and to direct such judgment to be entered as may be consistent with the law and the facts. Baltimore & Carolina Line, Inc. v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636.

We consider the district court rightfully construed the contract as not entitling plaintiffs to royalties based on the value of the gasoline extracted from the gas. Wall v. United Gas Public Service Co., 178 La. 908, 152 So. 561. But we disagree with his conclusions as to the prescription or limitation applicable to plaintiffs' demand.

In Board of Com'rs of Caddo Levee Dist. v. Pure Oil Co., 167 La. 801, 120 So. 373, it was held that the prescription of three years applied to a claim for arrearages of royalties due under an oil and gas lease. In that case it appears plaintiff had received no royalties at all and sued for the entire amount due. We referred to that decision in our previous opinion but did not decide the question of prescription. We do not consider that case controlling as applied to the facts here presented. In Da Ponte v. Ogden, 161 La. 378, 108 So. 777, it was held that an action for an accounting for royalties is a personal action prescribed in 10 years,

under La.Civil Code, Art. 3544 and not by three years. The case at bar is that character of case as the Louisiana practice makes no distinction between actions at law and in equity. Furthermore, the amended answer and reconventional demand materially changed the issues presented to the district court and has considerable bearing on the question of prescription. Plaintiffs did not file a replication to the reconventional demand but they were not required to do so and every defense was open to them. La.Code of Practice, Art. 329; Ryals v. Todd, 165 La. 952, 116 So. 395; Roy O. Martin Lumber Co. v. Hodge-Hunt Lumber Co., 190 La. 84, 181 So. 865. It was the duty of the district court to notice and pass upon the defense of compensation. Huff v. Selber, D.C., 10 F.2d 236. Through error plaintiffs accepted less royalties than they should have been paid on the basis of market value. That did not extinguish the entire debt nor work an estoppel. Defendant made payment through error on a debt they did not owe. Compensation therefore took place without the knowledge of the parties as the debts were of equal dignity. La.Civ.Code, Arts. 2207, 2208, 2209. Compensation is retroactive to the date when the parties became mutually indebted and neither claim is barred by prescription unless barred before the other claim arose. Oilbelt Motor Co. v. George T. Bishop, Inc., 167 La. 183, 118 So. 881. It is apparent that compensation took place every time a payment of royalties was made by defendant to plaintiffs. Consequently, prescription did not begin to run on the mutual demands.

We conclude that the prescription applicable to both the main and the reconventional demand was ten years. It follows that the judgment entered by the court without the intervention of the jury was erroneous. The determination of the correct amount due to each involves a tedious calculation, which the district court is better able to make, with the aid of counsel for the parties, than we are.

The judgment appealed from is affirmed so far as the verdict of the jury fixed the market value of the gas upon which plaintiff is entitled to recover royalties and so far as the court determined the amount due in reconvention. As to the amount determined by the court to be due plaintiffs it is reversed. The cause is remanded with directions to enter judgment in conformity with this opinion. This does not necessarily involve the granting of a new trial. That question is left to the discretion of the district court.

