## SARTOR et al. v. ARKANSAS NATURAL GAS CORPORATION.

### No. 9394.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1940.

Rehearing Denied June 11, 1940.

G. P. Bullis, of Ferriday, La., for appellants.

Elias Goldstein, of Shreveport, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

When this cause was here before[1] we affirmed the judgment insofar as the verdict of the jury fixed the market value of the gas for the three years submitted for their verdict, and insofar as the court determined the amount of the claim in reconvention. But because of the error in applying the three instead of the ten-year prescription or limitation, we reversed it as to the amount determined by the court to be due plaintiff. Notwithstanding our direction, that judgment be entered in conformity with the opinion, leaving to the discretion of the District Judge, the granting of a new trial on the issue of the value of the gas, the District Judge of the same opinion still as to the applicable prescription, again entered the judgment we had reversed. He did this on the ground that the Supreme Court of Louisiana had, since the entry of our decision, rendered a decision to the contrary of ours,[2] and that it would be a vain thing for him to enter judgment on our mandate only to have his judgment reversed because of that decision. Plaintiff instead, as he should have done, of applying to this court for a mandamus to compel compliance with our order, has again appealed. Here he insists that the matter decided became the law of the case and was binding on the trial court,[3] and

[1] 5 Cir., 98 F.2d 527.

[2] Parker v. Ohio Oil Co., 191 La. 896, 186 So. 604.

[3] Seagraves v. Wallace, 5 Cir., 69 F.2d 163; American Surety Co. v. Bankers' Savings & Loan Ass'n, 8 Cir., 67 F.2d 803; Atchison, Topeka & Santa Fe R. Co. v. Ballard, 5 Cir., 109 F.2d 1012.

that without re-examination of the question, the judgment should be reversed with directions to the District Judge to carry out our mandate. In the alternative, he insists that if the matter is to be re-opened, our former judgment was right, for in Parker v. Ohio Oil Co., supra, the decision relied on by the District Judge did not announce any new law, but in terms reaffirmed, Board of Commissioners v. Pure Oil Co., 167 La. 801, 120 So. 373, the opinion in which we had referred to and distinguished. Appellee, agreeing with appellants that the Parker case did not announce a new rule of law but merely reaffirmed an old one, insists that we should re-examine our last opinion and declare it erroneous and a departure from the opinion we announced on the first appeal, 5 Cir., 78 F.2d 924, 928, that the plea of three years "was good prima facie. Board of Commissioners v. Pure Oil Co., 167 La. 801, 120 So. 373." We do not agree with appellee. On the contrary we think the decision on the last appeal should stand as the law of the case. The two opinions are not contradictory. On the first appeal it did not appear that the case was one of mutual accounts to be determined and adjusted. The reconventional demand first appeared on the last trial. In our last opinion we declared that the existence of this situation changed the whole complexion of the case. We adhere to this view. The reconventional demand was allowed from and including the year 1928. Plaintiff's demand back of 1930 was rejected as prescribed. Upon any view, plaintiff's demand should have been inquired into for the years embraced in the reconventional demand, at least to the extent of compensating that demand. But, we thought and said, that plaintiff's demand as a whole was governed by the general prescription of ten, Civil Code, art. 3544, rather than the special prescription of three, years, Civil Code, art, 3538.

That decision was reached after full and careful consideration. It is and must remain the law of the case. The judgment is reversed and the cause is remanded with directions to proceed in accordance with our mandate in appeal cause, No. 8770, 5 Cir., 98 F.2d 527.

Reversed and remanded.

SIBLEY, Circuit Judge (concurring specially).

Sartor's suit for a balance of royalties was a suit for arrearages of rent and he could not recover beyond three years back. The reconventional demand arose under the same contract, and was for overpayments by mistake, as to which the limitation is ten years. Of course overpayment in any year did not exist unless what was paid was more than was really due under the whole contract. It is therefore necessary in investigating the overpayments for each year to find what was really due Sartor, and thus ascertain the overpayment, if any. That Sartor's claims for some of these years are barred would not prevent their consideration in getting at overpayment. In that sense ten years is the limitation applicable to each party in working out the reconventional demand. But when finally worked out, if any of the yearly balances are in Sartor's favor, he cannot recover any over three years old when he sued. I understand the present reversal means only that in investigating the reconventional demand behind the three years already disposed of, Sartor has a right to prove what should have been paid him each such year, to show he got no more than he should.