**UNION PRODUCING CO. v. DRISKELL et al.**

**DRISKELL et al. v. UNION PRODUCING CO.**

No. 9499.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1941.

Allan Sholars, Geo. Gunby, and H. F. Madison, Jr., all of Monroe, La., for Union Producing Co., and others.

G. P. Bullis, of Ferriday, La., and Harold Moses, of New Orleans, La., for Emma Driskell, and others.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This suit, brought against the same defendant, tried below before the same judge and by the same counsel, and submitted here on the same day, except for an additional issue of res judicata, presents on the main appeal, the same issues which were presented in Union Producing Company v. Pardue, 5 Cir., 117 F.2d 225, this day decided. Unless therefore there are sufficient differences in the facts or the defense of res judicata is good, the judgment in this case, must, as to the main appeal, be affirmed on the authority of that case. Appellant recognizing this to be so begins its brief thus: "The issues here are for the most part identical with those presented in the companion case of Union Producing Company v. Pardue, No. 9493, to be argued concurrently herewith. With but little variance the proof is the same." ·

On the issue of market value no substantial differences are pointed out. We find none. Nor, though appellant does claim that there are, do we find any with respect to the defenses of accord and satisfaction, estoppel and acquiescence.

On the main appeal then, unless the defense of res judicata is made out, the judgment must be affirmed. This defense, as appellant presents it, is not based upon the claim that plaintiffs had theretofore sued on and had had adjudged against them the precise claim they make here, that defendant has failed to pay the market price for the gas. Based on final orders in three suits in the federal district court, two of which were for the recovery of gasoline royalties and one for damages for inadequate development, and on an interlocutory judgment in a suit in the state court for accounting, the claim was not that the precise rights claimed, the particular questions raised in this suit, were finally adjudicated in those, but that it is the duty of the plaintiff not to split his causes and rights of action and sue upon them piecemeal, he must sue them all in one suit.

It was appellee's position with which the district judge agreed, that Louisiana Civil Code, Art. 2286, "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality", not only does not support, it defeats the conclusion appellant would draw. The district judge was right. Even in common law jurisdictions where the rule appellant invokes against splitting of causes, obtains with full force, it would not we think, be applied here. But whether so or not, it is quite plain that it may not be so applied in Louisiana. Woodcock v. Baldwin, 110 La. 270, 34 So. 440; Cf. Opelousas-St. Landry Securities Co. v. United States, 5 Cir., 66 F.2d 41, at page 44. No reversible error appearing on the main appeal, the judgment as to it is affirmed.

On plaintiff's appeal, three errors are assigned. One, the application of the three years' prescription to a part of plaintiff's demand, two, the holding of the district judge that division orders signed by lessors in which they agreed to accept three cents for their gas, prevented them as to gas delivered under them from claiming more, and three, the failure of the judge to add 10% to plaintiffs' recoveries on two of its leases because sales of gas are made on an eight ounce basis and the leases provided that the amount of gas in thousand cubic feet on which royalties are to be paid shall be "corrected to two pounds above atmospheric pressure." None of these assignments are well taken. The first ground of error has been already decided against appellant by us in Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924, and by the Supreme Court of Louisiana in Board of Commissioners v. Pure Oil Co., 167 La. 801, 120 So. 373, and Parker v. Ohio Oil Co., 191 La. 896, 186 So. 604. Appellees are in error in their assumption that we held differently in Sartor v. Arkansas Natural

Gas Company, 5 Cir., 98 F.2d 527; Id., 5 Cir., 111 F.2d 772. In the first opinion, we held that under the peculiar facts there presented, the three year prescription did not apply. In the second opinion, without re-examination, we affirmed that holding as the law of the case. In this suit, none of the facts pointed out by us making the three year prescription inapplicable, are present.

■ The second ground shows on its face that it is not good, for, it complains of the action of the court in holding it to its written agreement to take three cents for the gas sold and delivered by it under division orders. But when resort is had to the facts, it appears even more plainly that the judge was right. John McCoy, one of the plaintiffs, testified that its lessees advised that they had made arrangements to sell the gas to the Magnolia Petroleum Company and that "if we would accept three cents for gas so sold, they would drill some wells to deliver gas to the Magnolia Pipeline."; that this was agreed to, the wells were drilled, the pipeline was connected and the division orders were signed in terms providing: "Northern Louisiana Natural Gas Company is to receive such royalty gas * * * and to pay for same the price of three cents per thousand feet of gas, which price the royalty owners agree to accept for and during the term and period certain gas is delivered to Magnolia Gas Company at three cents." In other division orders appearing in the record, it is provided that market price is to be paid, in the division orders in question, the price of three cents is fixed and agreed upon. We know of no principle upon which competent persons who have agreed upon a fixed price can after accepting it for some years, repudiate the agreement and claim more, merely because they think the price was too low.

■ Appellee's last specification of error reads: "The district court erred in computing the market price at 10 ounce pressure and the quantity of gas at 2 pound pressure." It reaches only the action of the court in computing the sums to be recovered in the decree on the basis of the jury's verdict. It does not reach any error affecting the verdict itself, which was quite favorable to appellee. The applicable part of the verdict is: "What was the market price or value per thousand feet at the well of gas under leases numbers 2 and 3? Four and 25/100 cents." The verdict does not mention the pressure at which the price was estimated. The leases do mention the pressure, and say that the volume to be paid for is that corrected to two pounds above atmospheric pressure, and that is the volume on which the monthly settlements were based, and the volume referred to in the decree. We think the reasonable construction of the verdict is that it fixes the market price under these leases at the pressure the leases fix. In framing the decree the court rightly took the price the jury had fixed as applicable to these leases, without changing it on a theory that some other pressure was used by the jury as the basis of their verdict.

The judgment on both appeals is affirmed.