## HEMLER v. HOPE PRODUCING CO.
### No. 9504.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1941.

Rehearing Denied March 8, 1941.

G. P. Bullis, of Ferriday, La., for appellant.

Alden T. Shotwell, of Monroe, La., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

On Rehearing: Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another appeal from a judgment on a verdict, fixing the market value of gas, in a suit for royalty arrearages on gas

wells, in the Richland Gas Field. This time the verdict was against the plaintiff. Though there was a different plaintiff and defendant, and different counsel for defendant, this suit as the others, was brought by the same counsel for plaintiff, involved the same issues, was tried before the same judge in substantially the same way, and was submitted here on the same day with Union Producing Company v. Pardue, 117 F.2d 225, and Union Producing Company v. Driskell, 117 F.2d 229, this day decided.

Apparently the only substantial difference in the cases is that in the first two the defendants were appellants, in this the plaintiff is, and whereas the plaintiff in those cases was insisting that the jury verdict be upheld, the defendant in this case is so insisting.

Appellant recognizes this situation. In his brief he says: "Your honors will note that this case presents identically the same facts and issues as cases Nos. 9493[1] and 9499,[2] submitted at the same time. In each of these cases, the same narrow issue is presented, namely, what is the market price of natural gas at the Richland Gas Field in Richland Parish, State of Louisiana." In the other cases, the defendants were objecting to the introduction of contracts showing sales of gas in the field. In this, the plaintiff is objecting to the introduction of leases showing prices paid for gas at the well. In those, defendants objected to the erroneous admission of the evidence of opinions, here plaintiff objects. Tried upon the same principles and in the same way as the others, it is quite obvious that if those judgments were correctly affirmed, this one must be, unless the trial is shown to have gotten out of bounds here to appellant's prejudice. We find no such instance. Indeed, if anything, this case was tried more faithfully by the rules we have laid down than the others were. To reverse the judgment in it, would be, for the reasons set out in the Pardue and Driskell cases, this day decided, to reverse court and counsel for pursuing the course we have laid down, following the track we have marked out in prior opinions. Appellant's counsel, seeing clearly that this is so, without pointing out any good reason why we should, urges us to retract what we have said about market value at the well and, plumping with him for a new meas-

ure, market value in the field, reverse the judgment because proof was taken and the jury was instructed as to market value at the well. We think it plain that what we and the Supreme Court of Louisiana have said on the subject has been correctly said and we have no disposition to withdraw or depart from our former opinions. Upon the claim for the gasoline royalties made in this case, we need say nothing except to refer to and adopt what we said on a similar claim made in Pardue's case. The judgment was right throughout. It is

Affirmed.

---

[1] Union Producing Company v. Pardue.

[2] Union Producing Company v. Emma Driskell.