## SARTOR et al. v. ARKANSAS NATURAL GAS CORPORATION.

### No. 2387.

District Court, W. D. Louisiana, Monroe Division.

April 29, 1942.

G. P. Bullis, of Ferriday, La., for plaintiffs.

Elias Goldstein and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, La., for defendant.

DAWKINS, District Judge.

The nature of this case has been fully disclosed in former decisions by the Court of Appeals for this Circuit. Arkansas Natural Gas Corporation v. Sartor, 5 Cir., 78 F.2d 924, and Id., 5 Cir., 98 F.2d 527.

The matter is now to be considered upon a motion for summary judgment by the defendant as to that part of the claim covering the period dating back more than three years beyond the filing of the suit on March 20, 1933.

The evidence offered on both sides is substantially the same as that in the case of Hemler v. Union Producing Company, D.C., 40 F.Supp. 824, except that it supports more strongly the conclusion that the market price of natural gas at the well in the Richland field did not exceed three cents per thousand cubic feet over the earlier period covered by this suit. It is for the years 1927 to March 20, 1930, which was before all the facilities in the field for marketing the gas had been developed, as was done in later years. Therefore, more of the gas was sold at the well and to other industries during the time now involved than from that date to the end of the life of the field some seven years later. Even the prices stipulated in the pipeline contracts for the years 1927 to 1930 were lower than for subsequent years.

The defendant, plaintiff in the motion for summary judgment, has offered affidavits by experts and other persons who dealt in and handled the gas in the Richland field, as well as in the Monroe field and elsewhere, to the effect that there was a well recognized price at the well in both fields and at no time did it exceed three cents per thousand cubic feet. It has also introduced many leases, contracts and other evidence showing the sale of gas at three cents per thousand cubic feet or less at the well and has established that ninety percent of the production was paid for at that price.

Nothing was offered by the plaintiffs to dispute this proof except the

affidavit of their counsel, which patently deals with the pipeline prices. Evidence as to pipeline prices, as has been held by both this court and the Court of Appeals, was admissible only if there was no market at the well, and it appearing from the showing made here without contradiction that there was such a price at the well, the necessity for considering the pipeline contracts or prices and the elements affecting them does not arise in this case. All of the reasons for the summary judgment in the case of Hemler v. Union Producing Company, supra, are applicable to the present case, and are adopted without repetition.

There should be judgment for defendant sustaining the motion for summary judgment, and rejecting plaintiffs' demand.

Proper decree should be presented.