## SARTOR et al. v. ARKANSAS NATURAL GAS CORPORATION.

### No. 10517.

Circuit Court of Appeals, Fifth Circuit.
March 29, 1943.

Rehearing Denied May 11, 1943.

G. P. Bullis, of Ferriday, La., for appellants.

Elias Goldstein, of Shreveport, La., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit as originally brought in 1933 was for the value of gas (calculated at the market price) taken by defendant from wells in the years 1927 to 1933, inclusive, under an oil and gas lease in what is known as the Richland Field. The claim was that though the lease secured to plaintiffs, payment at the market price for all gas taken, defendant, during the years in question, had paid them only 3 cents per 1,000 cubic feet, which plaintiffs alleged was much less than the market price.

The defenses were: a denial that the market price was as claimed by plaintiffs, and an affirmation that defendant had for all the years in suit paid plaintiffs the full market price for all the gas it had taken under the lease; a plea of prescription as to all gas produced and sold prior to March 21, 1930; and pleas in reconvention. Plaintiffs' exception of vagueness to defendant's reconventional demand was sustained, and there was a trial to a jury on the theory advanced by plaintiffs that what in these litigations has come to be known as pipe line contracts were in and of themselves proof of market price. There was a verdict and judgment rejecting defendant's plea of prescription, a finding based on the pipe line contracts, awarding plaintiffs a substantial recovery of a market price considerably above 3 cents for the whole period in suit and a judgment for them.

Appealed to this court, the judgment was reversed[1] because of the error in admitting the pipe line contracts as proof of market price, the court holding, for the reasons stated in the opinion, that the prices stated in these contracts were not, and could not be taken as, the market price stipulated for in the lease. There was also a holding that defendant's plea of prescription should have been sustained. Tried again after the remand, defendant's plea of prescription was sustained, and there was a verdict for plaintiffs for the period from March, 1930, to March, 1933, of $3852.92, and for defendant, on its reconventional demand, for $3,547.35. From the judgment on that verdict, plaintiffs appealed. On that appeal[2] this court determined that in view of the issues tendered on that trial, the plea of prescription should not have been sustained, and affirming the judgment for the period beginning March 20, 1930, and ending March 20, 1933, it sent the cause back for trial on the issues tendered in respect of the years 1927, 1928, 1929 and 1930, as to which defendant's plea of prescription had been sustained. The cause again coming on for trial, the district judge again ruled that the claims for these years were barred by prescription, and the cause appealed again, was reversed again[3] because of this ruling with directions to proceed in accordance with the mandate entered on the prior appeal. In the meantime, this court, in Sartor v. United Gas Public Service Co., 5 Cir., 84 F.2d 436, again holding as it had held in Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924, that the pipe line contracts were not admissible to prove market price, and that plaintiffs were entitled to receive for the gas not the pipe line prices but the market price at the well, laid down the rule that the object and purpose of the inquiry in a case of this kind is to determine (1) the market price at the well, or (2) if there is no market price at the well for the gas, what it is actually worth there. In the same opinion it was also declared that plaintiffs were entitled to, and defendant should pay them for, one-eighth of the gas taken, the market value at the well if there was a market value there, and if there was not, its actual value there. In determining this actual value, said the court, every factor properly bearing upon its establishment should be taken into consideration. Included in these are the fixed royalties obtaining in the leases in the field considered in the light of their respective dates, the prices paid under the pipe-line contracts, and what elements, besides the value as such of the gas, were included in those prices, the conditions existing when

[1] Arkansas Natural Gas Co. v. Sartor, 5 Cir., 78 F.2d 924.

[2] Sartor v. Arkansas Natural Gas Co.. 5 Cir., 98 F.2d 527.

[3] Sartor v. Arkansas Natural Gas Co., 5 Cir., 111 F.2d 772.

they were made, and any changes of conditions, the end and aim of the whole inquiry, where there was no market price at the well, being to ascertain, upon a fair consideration of all relevant factors, the fair value at the well of the gas produced and sold by defendant.

Also, the Supreme Court of Louisiana in Sartor v. United Gas Public Service Co., 186 La. 555, 173 So. 103, 107, held in full accord with our opinions in the two earlier Sartor cases, that the pipe line contracts did not represent, and were not admissible to prove, the market value at the well under a lease providing for the payment of market price. Saying: "The theory that royalty owners should receive settlements based upon pipe-line prices has been rejected by the federal court in two recent cases. Arkansas Natural Gas Co. v. Sartor [5 Cir.], 78 F.2d 924, 928; and Sartor v. United Gas Public Service Co. [5 Cir.], 84 F.2d 436, 440", the court declared[4] that the evidence in the case established that there was a market price at the well, and that this being so, the pipe-line contracts were not admissible to overcome or affect the market price so established. Subsequent to the decision of this case, there were three other gas recovery cases decided in this court.[5] In all of these cases, the rules heretofore stated were reaffirmed, and though in the Pardue case it was declared that the proof defendant had made of a few sales at the well was not sufficient to establish a market price there for the whole period of the suit, the court reaffirmed the principle that if the evidence had established such a market price, resort to the pipe-line contracts and other such testimony to establish the value of the gas would not have been admissible.

The decisions, state and federal, standing thus, the defendant filed its motion in this cause for summary judgment. Averring in it that for the years in question remaining in the suit, there was a prevailing market price of 3 cents or less at the well and there was, and could be, no genuine issue of fact to the contrary for trial to a jury, it supported the motion by numerous affidavits to that effect. Plaintiffs, insisting that in former trials of this case a jury had found for plaintiff a market value in excess of 3 cents, and arguing as they have consistently done, exactly contrary to the decisions of this and the state court, supra, that the pipe line contracts were evidence of, and determined, this market value to be more than 3 cents, offered neither affidavit nor proof of any kind rebutting the effect of the affidavits filed in support of defendant's motion that, as to the years in question in this suit, there was a market value at the well of 3 cents, and, therefore, resort to proof of actual value was neither necessary nor proper. The district judge, holding, that under the law, as established by Federal and state decisions, evidence of pipe-line prices was inadmissible if the evidence showed that there was a market price at the well, and that it appeared without contradiction that there was such a price, granted the motion for summary judgment and entered judgment accordingly. We think it clear that in so doing, he was right. We have written often[6] on the nature and effect of Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.

4 The court said:

"In the case presently under consideration, the testimony shows that natural gas has a 'market value' at the wells of 3 cents per thousand cubic feet. The defendant called numerous witnesses, all engaged in the business of producing and selling natural gas in the Ouachita and Richland fields. These witnesses without exception testified that the market value of gas at the wells in the field was 3 cents. * * * Innumerable lease contracts * * * were introduced in evidence, practically all of them showing that the lessors were to be paid royalties based upon the value of the gas at 3 cents per thousand cubic feet.

"A detailed review of the testimony introduced by defendant to show the market value of the gas at the wells in these fields would serve no useful purpose. It suffices to say that defendant proved conclusively that the market price in these fields does not exceed 3 cents per thousand cubic feet.

"As we have already stated, plaintiff offered no testimony as to the value of gas except that stipulated in the so-called pipe-line contracts. Having rejected the theory that the prices stated in these contracts should be accepted as a basis for settlements with these royalty owners, we must rely upon the testimony introduced by defendant to show the market value of gas at the wells or in the fields where it is produced."

5 Pardue v. Union Producing Co., 5 Cir., 117 F.2d 225; Driskell v. Union Producing Co., 5 Cir., 117 F.2d 229; Hemler v. Hope Producing Co., 5 Cir., 117 F.2d 231.

6 American Ins. Co. v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Town of River

A. following section 723c, the rule for summary judgment. Our views, as there expressed, leave in no doubt that the summary judgment rule is a salutary one for the purpose of avoiding unnecessary trials, that is, trials where there is nothing of fact to be tried. They leave in no doubt too that on such a motion it is the duty of counsel for plaintiff and defendant to fully disclose what the evidence will be on the issues raised by the motion, and of the district judge to proceed on the disclosures thus made. If, on such disclosures, it appears that only one verdict could be rendered, that is, that there is no disputed issue of fact, it is then the duty of the judge to enter judgment in accordance with the showing made. It will serve no useful purpose to enter into an analysis of the supporting proofs offered by the movant. It is sufficient to say that they establish without contradiction or question of any kind that in the early years of the field involved in this suit, there was a market price for the gas at the well, and that that market price was never at any time during any of the years in question in excess of the 3 cents which defendant consistently paid plaintiffs. If, on a trial to a jury, the evidence should show this, it would be the duty of the judge to direct a verdict for defendant. It was his duty, therefore, on the motion for summary judgment to bring the matter to a close by entering judgment on the motion.

The judgment is affirmed.

---

Junction et al. v. Maryland Cas. Co., 5 Cir., 110 F.2d 278, 134 A.L.R. 727; MacPherson v. Schram, 5 Cir., 112 F.2d 674; Whitaker v. Coleman, 5 Cir., 115 F.

2d 305; Board of Public Instruction v. Meredith, et al., 5 Cir., 119 F.2d 712.