**HEMLER v. UNION PRODUCING CO.**

**UNION PRODUCING CO. v. HEMLER.**

No. 10272.

Circuit Court of Appeals, Fifth Circuit.

March 29, 1943.

Rehearing Denied May 11, 1943.

G. P. Bullis, of Ferriday, La., for J. H. Hemler.

Allan Sholars and Geo. Gunby, both of Monroe, La., and John T. Guyton, of Shreveport, La., for Union Producing Co.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

This is another of the many suits which have been brought on gas leases in the Richland Field on the claim that the market price for which the leases called had not been paid for the gas taken.[1] Filed September 23, 1940, the suit was concerned with gas

---

[1] Cf. Sartor v. Arkansas Natural Gas Corp., 5 Cir., 134 F.2d 433, this day decided.

taken in the years 1929 to 1939, inclusive. As to such gas, there were two claims: (1) that plaintiff had not been paid for the gas the price called for, and (2) that in addition to royalties on the gas taken under the leases, plaintiff was entitled to royalties on the gasoline extracted therefrom. Three leases, which for convenience may be designated A, B and C, were sued on. Of these, lease A alone provided for payment of the market price. All claims as to leases B and C and as to gasoline royalties under lease A were decided against, and abandoned by, plaintiff below.

This appeal from a summary judgment entered on defendant's motion is concerned with lease A alone, and the claim with respect to it that defendant had throughout the years in question been paying it less than the market price it provided for. As to that claim, appellant is here insisting that no case for summary judgment was made out, and the judgment must be reversed because, within the true meaning of Rule 56, 28 U.S.C.A. following section 723c, the "pleadings, depositions, and admissions on file, together with the affidavits", did not "show that * * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Appellee, with equal insistence, urges that the judgment should be affirmed, both for the reasons given by the district judge, and because of the defenses advanced by defendant but rejected by the judge of estoppel, acquiescence, accord and satisfaction and res judicata.

From the record made and the judgment entered in the proceeding on the motion, it appears that defendant's plea of prescription of three years was sustained as to plaintiff's demands for gas taken in the year 1929 and up to June 23, 1930, and also for the period beginning June 24, 1933, and ending September 23, 1937, and that judgment as to the demands for those years was entered for defendant accordingly. As to the remainder of the years sued for, from June 23, 1930, to June 24, 1933, and from September 23, 1937, through and including 1939, the district judge ruled: that the defenses of estoppel, res judicata, acquiescence, accord and satisfaction were not made out; that there was no genuine issue as to any material fact; but that, on the contrary, it was established as matter of law that there was an established market for gas at the well in the Richland Field throughout the entire productive life of the field and a market price therefor not in excess of the 3 cents per 1,000 feet which defendant had paid plaintiff for all of those years. So ruling, he gave judgment for defendant as to the demands for those years.

We agree with the district judge in his ruling that plaintiff's demands for the year 1929, and up to June 23, 1930, and for the period beginning June 24, 1933, and ending September 23, 1937, had prescribed, Union Producing Co. v. Driskell, 5 Cir., 117 F.2d 229; and with appellee that his judgment as to the prescribed periods should be affirmed. We agreed with the district judge, too, in his rulings rejecting defendant's other pleas, Union Producing Co. v. Pardue, 5 Cir., 117 F.2d 225. We cannot, however, agree with him that, as to the years not prescribed, the record in the summary judgment proceedings made out a case for judgment for defendant as a matter of law. In Sartor et al. v. Arkansas Natural Gas Corp., 5 Cir., 134 F.2d 433, this day decided, we have held as to the period there involved, the years 1927, 1928, 1929 and up to March 20, 1930, that the record made in the summary judgment proceeding established that there was no genuine issue of fact to be tried and that the defendant was entitled to a judgment as a matter of law. The evidence in this case in respect to the period 1929 and up to March, 1930, was identical with that offered in Sartor's case, and if the appeal here involved only that period, the judgment would, of course, be affirmed for the reasons there given. But that is not the case. Here, in addition to the year 1929 and the small part of 1930 involved in Sartor's case, as to which period judgment went here for defendant on prescription, this case involves an early period of three years from June 23, 1930, to June 24, 1933, and a later one of two years from September 23, 1937, to 1939. The record, as to these periods, is not only not identical with, but quite different from, that in Sartor's case. It cannot be said of it that, as to plaintiff's demands for those years, defendant is entitled to judgment as a matter of law. We will not set out any of the affidavits in detail or undertake to particularize the differences in the record as to the different periods. It will suffice to say that in the period concerned in Sartor's case, the beginning period of the field, the evidence establishes the existence of a market at the well in such conclusive form as to prevent resort to pipe

438

line prices or any other method of showing value at the well, whereas, as to the later periods, the tendered evidence, while ample to support a verdict for defendant, is insufficient to establish as a matter of law that there was a day by day, week by week, or month by month market price of 3 cents or less at the well. On the contrary, the record within the rule laboriously spelled out in Sartor v. United Gas Public Service Co., 5 Cir., 84 F.2d 436, Union Producing Co. v Pardue, 5 Cir., 117 F.2d 225, Union Producing Co. v. Driskell, 5 Cir., 117 F.2d 229, and Hemler v. Hope Producing Co., 5 Cir., 117 F.2d 231, presents genuine issues of fact as to whether there was a day by day market price as to any or all of the period in question, and, if as to any part or all of it there was not such market price, what was the value at the well. It was error, therefore, to enter summary judgment for defendant as to the whole of plaintiff's demand. The judgment, therefore, will be affirmed except as to plaintiff's demands for underpayment on account of the market value of the gas taken from lease A for the period from June 23, 1930, to June 24, 1933, and for the period from September 23, 1937, to and including 1939, and will be reversed as to those demands, and the cause will be remanded as to them for further and not inconsistent proceedings.

Affirmed in part and reversed and remanded in part.