## O'NEAL v. UNION PRODUCING CO.

### No. 11419.

Circuit Court of Appeals, Fifth Circuit.

Jan. 30, 1946.

Rehearing Denied March 1, 1946.

G. P. Bullis, of Ferriday, La., for appellant.

Geo. Gunby and Allan Sholars, both of Monroe, La., and W. Scott Wilkinson, of Shreveport, La., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

Appellant's decedent, on July 15, 1926, executed in favor of Louisiana Petroleum Corporation an oil and gas lease on land in Richland Parish, State of Louisiana. Lessee therein covenanted to "* * * pay to the lessor 1/8 part of *net proceeds at prevailing market price at well* for gas from each well where gas only is found, while the same is being used off the premises * * *." (Emphasis supplied.) Appellant, a citizen of Louisiana, as the administrator of the lessor's estate, sued appellee, a Delaware corporation, present owner of said lease, in the court below to recover the difference between what had already been paid as royalty and what he deemed to be "1/8 part of net proceeds at prevailing market price at well for [the] gas from each well." The plaintiff alleged that he had been paid three cents per 1,000 cubic feet; that the fair average market price of said gas during the years

---

in question at the sales points and delivery points at various places in the field was not less than five cents per m. c. f.; and that the market price of gasoline extracted from said gas was not less than five cents per gallon. Plaintiff insists that he was entitled to recover royalty not only on the difference between three cents and five cents per m. c. f. on all gas taken from the well, but also royalty on the gasoline which was contained in the gas as it came from the well and was later extracted. In short, plaintiff claims to be entitled to recover the market value at the well of one-eighth of the net proceeds of the gas produced by the well and, also, royalty on the gasoline taken from the gas.

The defendant by motion to dismiss and by answer urged that the statute of limitations of Louisiana had barred all royalty claims arising prior to a period of three years before the bringing of suit. At a pre-trial conference the prescription pleaded was submitted, and the court held that the statute of limitations barred any claims prior to January 30, 1932.[1] The defendant then filed a motion for a summary judgment, and the amount of the gas produced by the well after January 30, 1932, was stipulated. The defendant admitted that for the purposes of its motion the plaintiff was entitled to additional royalties on two cents per m. c. f. upon the amount of the gas produced at the well; and that the market price, or value, for said gas at the well was five cents per m. c. f., as alleged by plaintiff. On that basis defendant consented that a judgment for $1511.90, a sum that did not include any royalty on gasoline extracted from the gas, could be entered against it, and judgment was entered in favor of plaintiff for that sum.

Plaintiff, thereupon, appealed from that portion of the judgment decreeing that the statute of limitations of three years, as provided by Article 3538, Revised Civil Code of Louisiana, barred a recovery for any demands accruing prior to January 30, 1932, and decreeing that plaintiff was not entitled to royalties on gasoline extracted or manufactured from the gas.

While the appellant in his assignment of errors urged that the statute of limitations of three years under Article 3538 did not bar a recovery of royalty accruing under the lease prior to January 30, 1932, we deem that contention abandoned in this court. Neither in his brief nor on oral argument did appellant refer to that contention.[2]

Appellee concedes that the gas from the well contained gasoline; that the appellee extracted gasoline from the gas at a plant constructed for that purpose; and that, thereafter, the appellee sold the gasoline and the residue, dry gas.

In Section 4783 of Dart's Statutes, Act 252 of the Louisiana Legislature for 1924, § 13, gas is defined in these words:

" 'Gas' means natural gas as it is taken from the earth, *including any gasoline content it may have,* but it does not include casinghead gas." (Emphasis supplied.)

The gasoline extracted by the defendant is not casinghead gas, but is merely the gasoline content of the natural gas as it comes from the earth. It is an element of, or a constituent part of, natural gas, and the purchase of the natural gas at the well carried with it all of its constituent parts and the right to separate or extract any of its elements. The royalties provided for in the contract were for the gas and not for the gas and also for any elements that might later be taken by some artificial process from that gas. See Union Producing Company v. Purdue, 5 Cir., 117

---

[1] The evidence revealed that a mandamus proceeding setting forth the same cause of action was filed on January 29, 1935, and was dismissed by the court on June 24, 1936, on the ground that such cause of action could not be maintained by way of mandamus. This proceeding, while unsuccessful, had the effect of interrupting the prescription, and this interruption continued, under the jurisprudence of Louisiana, until final judgment was rendered on June 24, 1936. The present suit was filed on June 23, 1939, just one day before the expiration of three years after final judgment in the mandamus suit.

[2] The contention was abandoned, no doubt, for the reason that it was without merit. In Louisiana payment of royalty under an oil and gas lease is payment of rent. Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46, 82 A.L.R. 1264; Logan v. State Gravel Co., 158 La. 105, 103 So. 526. Hence a claim for royalty in arrears under such a lease prescribes in three years. Art. 3538, Civil Code of Louisiana; Board of Commissioners of Caddo Levee District v. Pure Oil Co., 167 La. 801, 120 So. 373; Parker v. Ohio Oil Co., 191 La. 896, 186 So. 604; Union Producing Co. v. Driskell, 5 Cir., 117 F.2d 229.

F.2d 225, and Arkansas Natural Gas Corp. v. Sartor, 5 Cir., 98 F.2d 527.

Adhering to the views as announced in these two cases, that a sale of the gas carries with it a sale of the gasoline that inheres in, and is an element of, the gas, we hold with the lower court that plaintiff cannot recover for gasoline extracted from the gas in question.

The petition alleged, the defendant admitted, and the court below found the market value of the gas at the well during the prescribed period to be five cents per m. c. f., and from this part of the lower court's judgment no appeal was taken. The market value of the gas at the well stands, therefore, in this record at five cents per m. c. f., and since the prevailing market price of the gas at the well is all that the plaintiff may recover, the judgment of the lower court should be, and the same is hereby,

Affirmed.