Truman Cleo SMITH et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Appellee.

No. 5915.

Court of Civil Appeals of Texas.

El Paso.

Dec. 27, 1967.

Rehearing Denied Jan. 24, 1968.

Dan Sullivan, Andrews, for appellants.

Albert Smith, Lubbock, for appellee.

OPINION

PRESLAR, Justice.

This is a summary judgment case in which appellee was plaintiff seeking declaratory judgment that it was not obligated to defend one who borrowed the car of its insured. The issue was whether or not the borrower was outside the scope of the permission granted in the use of the insured's car when it was involved in a collision.

Appellants' first point of error is that the court erred in considering the amended motion for summary judgment because the same was not timely filed. We are of the opinion that this point is well taken, and that this cause should be remanded for trial on the merits.

Plaintiff Allstate filed this suit seeking declaratory judgment. In due course it filed a motion for summary judgment, which was not granted. Trial was then had before a jury, and at the conclusion of the evidence plaintiff moved for a directed verdict, which the court denied, and entered its written order so denying the motion. The matter was submitted to the jury upon special issues and, the jury being unable to agree, the court dismissed the jury and entered an order declaring a mistrial. Plaintiff then filed a pleading styled "Plaintiff's Motion For Judgment", in which it "moves the Court to set aside the Order declaring a mistrial in this cause, sustain the plaintiff's Motion For A Sum-

mary Judgment, sustain the plaintiff's Motion For An Instructed Verdict, and enter a Judgment for the plaintiff * * *." The plaintiff then filed its amended motion for summary judgment, a hearing was had, the court granted the motion, and from such judgment this appeal is taken. In addition to the above pleadings, there is mention in the record of a motion by plaintiff to withdraw the case from the jury and instruct them to return a verdict for the plaintiff.

Appellants rely on the case of Clevenger v. Liberty Mutual Insurance Company, 396 S.W.2d 174, ref. n.r.e. (1965), in support of their first point of error. In that case the Court of Civil Appeals at Dallas held that a motion for summary judgment filed at a point in the proceedings similar to the one before us was not timely filed. In that case the jury was unable to agree and was discharged, but no order of mistrial was entered, and thereafter the plaintiff filed a motion for summary judgment, and the defendant re-urged a prior motion for an instructed verdict which the court granted. On appeal, the plaintiff (as appellant) assigned as error the failure of the court to grant it motion for summary judgment. In passing on the point, the court said:

"In the first place, we do not believe that appellant's motion for summary judgment was timely filed. While it was made under the provisions of Rule 166–A, T.R.C.P., and such rule does provide that a motion for summary judgment may be made 'at any time after the adverse party has appeared or answered,' said rule is a part of Rule 166, T.R.C.P., which governs pre-trial procedures and appears in a section of the rule designed as 'Section 8—Pre-Trial Procedure.' Said Rule 166–A, T.R.C.P. is modeled substantially after Rule 56 of the Federal Rules of Civil Procedure. Since the Texas rule is modeled on the federal rule we believe that federal decisions construing the purposes for engrafting a summary judgment technique into American jurisprudence are relevant. We find numerous federal cases reflecting the idea that the practice was designed to enable the trial court to make prompt disposition of lawsuits which by their very nature were susceptible of conclusion in summary fashion, without the necessity of resorting to all the procedures involved in a plenary trial. New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826; Sartor v. Arkansas Natural Gas Corp., 5th Circuit, 134 F.2d 433; Whitaker v. Coleman, 5th Circuit, 115 F.2d 305; Securities & Exchange Commission v. Payne, Dist.Ct., Southern District, New York, 35 F.Supp. 873.

"McDonald, in his treatise, 'Texas Civil Practice,' Cumulative Supplement, Vol. 4, § 17.26.2, concludes that under the provisions of Rule 166–A of the Texas Rules of Civil Procedure, said motion should be filed and called to the attention of the court 'in advance of trial.' Of course, the trial court may defer until a later time his disposition of the motion timely filed. This is often done, as illustrated by the decision of the Fifth Circuit in Woods v. Robb, 171 F. 2d 539.

"The very essence of the summary judgment rule is to avoid the necessity of a trial on the merits. To say that a motion may be timely filed after the case has been completely tried before a jury is to defeat the very purpose of the rule."

■ It is readily apparent that the case before us is different in that this appeal is from an order *granting* a summary judgment, but we agree with the holding that a motion for summary judgment will not lie after a case has been completely tried before a jury, absent material changes. Specifically, we hold in this case that the motion for summary judgment was not timely filed because it followed a motion for directed verdict, by the same

**602**

party, which had been denied. In that connection it should be noted that there was no material difference in the matters relied on for the directed verdict and the motion for summary judgment. In effect, plaintiff got a second bite at the apple, and we do not think that the court should have been called upon to again rule on the same matters that it had previously determined. Perhaps the strongest argument for our position is that there should be some finality in the disposition of a case. While it can logically be argued that, following the declaration of a mistrial, the case is then back in the "pre-trial" stage, this is not true, in the sense and purpose of the rule, to avoid the necessity of a trial on the merits by looking to the affidavits, pleadings and depositions of the parties. Rule 166–A says, "No oral testimony shall be received at the hearing". At the stage of proceedings following a mistrial, the court will have heard witnesses testify orally, observed their conduct and demeanor as they were examined and cross-examined, and it will have passed on their credibility and possibly examined documents and physical objects introduced in evidence, as well as other matters not intended to be before the court on summary judgment. We think the better construction of that portion of the rule providing that motion for summary judgment may be made "at any time after the adverse party has appeared or answered", to be that it sets the earliest time at which the motion may be made, and that it is not a blanket provision which includes the post-trial period. Particularly, it should not be construed to cover the time following the overruling of a motion for instructed verdict, which for all practical purposes serves the same purpose in the post-trial procedure as the summary judgment serves in the pre-trial stages.

We sustain appellants' first point of error, and such action makes it unnecessary to consider the other points presented.

The judgment of the trial court is reversed and the case remanded for trial.